**Billie Austin BRYANT, Appellant,**

v.

**Benjamin R. CIVILETTI, United States Attorney General, et al.**

**No. 80–1732.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 21, 1981.

---

Billie Austin Bryant, pro se.

Charles F. C. Ruff, U. S. Atty., and John A. Terry and R. Dennis Osterman, Asst. U. S. Attys., Washington, D. C., were on motion for summary affirmance.

Before MacKINNON, ROBB and WIL-KEY, Circuit Judges.

Opinion for the Court filed by Circuit Judge MacKINNON.

MacKINNON, Circuit Judge:

Billie Austin Bryant [1] is imprisoned in the federal penitentiary at Lewisburg, Pennsyl-

---

1. His habeas corpus petition joins a second party, Norma J. Goode, who is incarcerated at a different federal penal institution. The District Court granted Bryant and Goode leave to proceed *in forma pauperis* and dismissed the petition, citing 28 U.S.C. § 1915(d) (Supp. II 1978). The court also referred to this court's opinion in *Goode v. Markley,* 603 F.2d. 973 (D.C. Cir. 1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980), as a reason for dismissal.

In *Goode v. Markley, supra,* Norma J. Goode, Bryant's co-petitioner, filed a motion for leave to proceed *in forma pauperis* from the District Court's dismissal as "frivolous" of her earlier petition for a writ of habeas corpus or mandamus. Her petition alleged, *inter alia,* that aggregation of sentences imposed under the

vania pursuant to commitments on judgments of conviction for several very serious federal offenses. His pleadings admit the following prison sentences:

(1) Three consecutive terms of six to 18 years, each adjudged in April, 1968, on three convictions in the United States District Court for the District of Columbia under the bank robbery statute, 18 U.S.C. § 2113(a), totalling to 18 to 54 years.[2]

(2) A conviction in the United States District Court for the Eastern District of Virginia in April, 1969, for escape pursuant to 18 U.S.C. § 751(a), for which the record does not reflect the sentence imposed.

(3) Two consecutive life sentences for murder of two young agents of the Federal Bureau of Investigation that run consecutively to the 18 to 54 year sentences for bank robbery. These murders were committed following robbery of a bank at gunpoint in the District of Columbia while he was in an escape status from his imprisonment on his prior convictions. His conviction in the United States District Court for the District of Columbia on the two counts of first-degree murder charged violations of D.C.Code § 22–2401. At that time in 1969 the federal court in the District of Columbia had jurisdiction to try felonies in violation of the D.C.Code.

The punishment in the District of Columbia of murder in the first degree at the time the crimes were committed was death by electrocution unless the jury by unanimous vote recommended life imprisonment, but if the jury was unable to agree as to the punishment then the court had "jurisdiction to impose and shall impose either a sentence of death by electrocution or life imprisonment." D.C.Code § 22–2404.[3]

The jury were unable to agree on a sentence of death or life imprisonment and accordingly it was necessary for the court to sentence Bryant on November 3, 1969. In his allocution at sentencing Bryant stated:

"I can't say I'm sorry for what happened to these men [the FBI agents] . . . I am really not interested in what the sentence is one way or another."

(Tr. 1162). In imposing sentence the court commented that Bryant had killed both FBI agents "without provocation" and that, "He has no remorse." The court then stated:

District of Columbia Code and the United States Criminal Code for purposes of computing eligibility for parole violated her constitutional and statutory rights. This court issued an opinion discussing each of Goode's contentions in detail and finding them without legal merit. *Goode v. Markley, supra.* Accordingly, in view of the frivolous claims made in the petition Goode was denied leave to proceed *in forma pauperis* on appeal.

After the District Court denied the petition as frivolous, Bryant and Goode filed the instant motion for leave to proceed on appeal *in forma pauperis.* By order dated May 9, 1980, this court granted Bryant leave to proceed, but dismissed the action with respect to Goode. Subsequently, the government filed this motion for summary affirmance of the District Court's dismissal. Bryant opposes the motion.

Goode's dismissal from this petition by prior order of this court obviates this panel's consideration of her substantive claims. We note, however, that this court's decision in *Goode v. Markley, supra,* precludes Goode from raising any issue discussed in that case. Our prior determination in that respect is *res judicata* and her claims are frivolous. To the extent that this petition raises issues not decided in that case, the holdings we announce today with respect to Bryant's claims apply with equal force to those made by Goode.

2. This court affirmed Bryant's convictions and sentencing after remanding the case twice because concurrent sentences had been imposed on lesser included offenses that merged with the ultimate robberies. *Bryant v. United States*, 417 F.2d 555 (D.C. Cir. 1969); *United States v. Bryant*, 442 F.2d 775 (D.C. Cir. 1971).

3. D.C.Code § 22–2404 provides:

The punishment of murder in the first degree shall be death by electrocution unless the jury by unanimous vote recommends life imprisonment; or if the jury, having determined by unanimous vote the guilt of the defendant as charged, is unable to agree as to punishment it shall inform the court and the court shall thereupon have jurisdiction to impose and shall impose either a sentence of death by electrocution or life imprisonment.

Notwithstanding any other provision of law a person convicted of first degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole only after the expiration of twenty years from the date he commences to serve his sentence. . . .

Life terms can be so imposed that there will be every practical assurance that the defendant remains in prison until he dies. Clearly, if imprisoned, he should never be released for his crimes are the gravest and society owes him no further chance. The *minimum sentence*, short of death, which the court can *responsibly* impose in this case is a sentence to permanent life imprisonment ... Mr. Bryant, you will die in jail, but at such time as God appoints. It is the sentence of this Court that you be sentenced to life imprisonment for the murder of Agent Woodriffe. It is the sentence of this Court that you be imprisoned for life for the murder of Agent Palmisano; that these two sentences shall run consecutively.

It is further the sentence of the Court that each of these consecutive sentences shall be consecutive to the sentence of 18 to 54 years you are now serving in Criminal 849–67.

(Tr. 1165–66). Thus, two *consecutive* terms of life imprisonment were adjudged for the two murders,[4] to be served consecutively to the previously imposed sentences totalling 18 to 54 years.

(4) Bryant's petition also states that he was given a 20-year *consecutive* sentence in Prince George's County, Maryland, in April, 1969, for robbery with a deadly weapon.[5]

## I.

In his supporting Memorandum of Law, in Opposition to the Motion of the Government for Summary Affirmance of the District Court's judgment dismissing his petitions pursuant to the provisions of 28 U.S.C. § 1915(d)[6] as *frivolous*, Bryant asserts that "the merits of the appellant's claim are clearly at issue on appeal." So we proceed directly to the issues as framed by appellant.

In his petition, Bryant makes several claims of constitutional and statutory violations, which essentially boil down to two issues: *First*, he argues that in computing his "good time" and the date upon which he becomes eligible for parole prison officials have illegally "altered" his sentence by aggregating the three consecutive sentences totalling 18 to 54 years imposed for federal bank robbery with the 40 year total minimum sentences under his two consecutive life sentences imposed for the murders under District of Columbia law.

This issue was decided adversely to Bryant's contentions by our recent decision in *Goode v. Markley*, 603 F.2d 973 (D.C. Cir. 1979), *cert. denied*, 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980), which provided ample authority for the District Court to dismiss Bryant's petitions as frivolous.

Generally, in *Goode* we pointed out that all criminal offenses in violation of the United States Code and the District of Columbia Code were federal *offenses* against the same sovereign,[7] were being properly served in the same federal penal institution in the custody of the Attorney General of the United States,[8] and it was proper to *aggregate* consecutive sentences for the

---

4. In *United States v. Bryant*, 471 F.2d 1040 (D.C. Cir. 1972), *cert. denied*, 409 U.S. 1112, 93 S.Ct. 923, 34 L.Ed.2d 693 (1973), this court affirmed these convictions.

5. Because we dispose of the issues raised here by reference to general principles of law, there is no need now to determine the exact sentences imposed in (2) and (4), *supra*.

6. 28 U.S.C. § 1915(d) provides: "The court ... may dismiss the case [of a litigant proceeding *in forma pauperis*] if satisfied that the action is frivolous."

7. 603 F.2d at 976. The validity of a consecutive sentence does not depend upon both sentences being imposed by the same sovereign.

It is customary and lawful for federal courts to impose sentences both consecutive or concurrent to state sentences and vice versa.

8. *Id.* D.C.Code § 24–425 provides:

All prisoners convicted in the District of Columbia for any offense ... shall be committed, for their terms of imprisonment, ... to such types of institutions as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinements where the sentences for all such persons shall be served.

purpose of determining parole eligibility.[9] Bryant's facts are similar and his contentions in this respect are determined adversely to this contention by our decision in *Goode, supra.* In fact, 18 U.S.C. § 4161 provides:

Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term ... shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:

\* \* \* \* \* \*

When two or more consecutive sentences are to be served, the *aggregate* of the several sentences shall be the basis upon which the deduction shall be computed. (Emphasis added).

This statute recognizes what is implicit in the system of penal servitude, that the aggregate minimum time to be served on consecutive sentences constitutes the basis upon which the length of the sentence shall be considered in determining the earliest date for parole eligibility. The hands of the Parole Commission are tied by Bryant's sentence for two murders under D.C.Code § 22–2404, *supra.*[10] Common sense also dictates that consecutive sentences would be aggregated at their minimums in determining the earliest parole date *even if the statute did not so provide.* It would be a complete waste of time for a parole board to consider a prisoner's eligibility for parole if he could not be released because he had a substantial minimum sentence yet to serve before he was eligible for parole—such as Bryant's 40 years, on his two murder convictions. Appellant's contention that his sentences were improperly aggregated is completely without merit and therefore frivolous.

With respect to the bank-robbery convictions, because Bryant was sentenced to three consecutive terms of six to eighteen years each, he was not eligible for parole on such sentences under 18 U.S.C. § 4205(a)[11] until he served 10 years, even if the life sentences had not been imposed consecutively.

His eligibility for parole from the two consecutive life sentences for murder is governed by D.C.Code § 22–2404, *supra,* and would occur "only after the expiration of 40 years." *Id.* Thus, once Bryant has served the minimum sentences for his federal bank-robbery convictions, he will commence to serve his minimum time on his first consecutive life sentence for murder under the D.C. law. Because the District of Columbia law prohibits anyone convicted of murder from being considered for parole before twenty years, even after the first twenty year period has passed, Bryant also will be required to serve the minimum time of an additional twenty years on the second consecutive life sentence. Under the law, therefore, Bryant will not even be *eligible* for *consideration* for parole on these offenses until well into the next century; i. e., until 50 years after his sentence began to run in 1968, i. e., until 2017. And the Maryland sentence and the sentence in the Eastern District of Virginia may impose additional mandatory imprisonment. These also are only the earliest dates that the Parole Commission may *consider* Bryant's parole—not the date when his full sentences will have been served.

## II

■ An additional thrust of Bryant's complaint is his implicit contention that the imposition of *consecutive* rather than *concurrent* sentences for the various offenses is fundamentally unfair. That contention is

9. *Goode v. Markley*, 603 F.2d at 976; *see also Walker v. Taylor*, 338 F.2d 945, 946 (10th Cir. 1964); *Newcombe v. Carter*, 291 F.2d 202 (5th Cir. 1961).

10. See n.3, *supra.*

11. 18 U.S.C. § 4205(a) provides:

Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

wholly frivolous as the imposition of consecutive sentences for the serious multiple offenses of the petitioner was well within the statutory authority of the sentencing court. *See, e. g., Irby v. United States*, 390 F.2d 432 (D.C. Cir. 1967) (*en banc*); *United States v. Butler*, 462 F.2d 1195 (D.C. Cir. 1972). In fact, under the statute prescribing the penalty, once the jury was unable to decide on life imprisonment or the death sentence, which had been urged by the Government, and the death sentence was ruled out, the court had no discretion except to impose a sentence of life imprisonment, i. e.: "Shall impose . . . a sentence of . . . life imprisonment", D.C.Code § 22–2404, on each murder conviction. Consecutive sentences for separate crimes are normal and ordinary in the enforcement of the criminal laws of the states and the United States.

### III

■ Another underlying contention in Bryant's petition, that was also present in *Goode's* earlier case, is that where multiple prison sentences are being served consecutively the prisoner is entitled to a *parole hearing* when one-third of the first sentence is served or when the statute otherwise may provide parole eligibility on a particular offense.[12] In *Goode's* case she claimed she was entitled to a parole hearing when she had served one-third of her *first sentence.* Bryant contends he is entitled to a *parole* hearing since he has served 10 years on his 18 to 54 year sentences for bank robbery— they being the first sentences imposed. 18 U.S.C. § 4205(a) does make a "prisoner eligible for release on parole after serving . . . ten years of a life sentence or of a sentence of over thirty years, *except to the extent otherwise provided by law.*" Such statute, however, has no application when additional minimum sentences remain to be served.

To have held a hearing by the parole board after Bryant had served 10 years on his bank robbery conviction, would have been a purely useless exercise. Parole hearings are designed to evaluate prisoners who are eligible for release. Prisoners, such as Bryant, who could *not* be released after 10 years because he still had other minimum sentences to serve totalling an additional 40 years at a *minimum*, would just be wasting the time of the Parole Commission by holding a hearing thereon.[13]

### IV

■ Bryant further contends that his two life "sentences themselves [for murder] are illegal," because he "never received a *minimum sentence* as required by D.C.Code § 22–2404 and mandated by D.C.Code § 24–203." We fail to see how § 22–2404 is of any assistance to appellant. The only relevant part of that statute provides that the minimum punishment for first degree murder is "life imprisonment", and:

> . . . . *Notwithstanding any other provision of law*, a person convicted of first degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole only after the expiration of twenty years from the date he commences to serve his sentence . . . .

D.C.Code § 2404. This negates appellant's contention, but he then refers to D.C.Code § 24–203 which *his memorandum states* provides as follows:

> Except as provided . . . in imposing sentence on a person convicted in the District of Columbia of a felony, the justice or judge of the court imposing such sentence shall sentence the person for a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-third of the maximum sentence imposed, . . . . Where the maximum sentence imposed is life

---

12. The petition alleges that the parties "have been denied an opportunity to meet with the United States Parole Commission and District of Columbia Board of Parole for consideration of parole at the minimum of their judicially imposed sentences . . ." Petition, affidavit ¶ 19.

13. The convictions in the Eastern District of Virginia and Prince George's County Maryland may be in addition to these sentences.

imprisonment, a *maximum* sentence shall be imposed which shall not exceed fifteen years. . . . (Italicized word "maximum" so appears in Bryant's memorandum.) Appellant *misquotes* the statute. The last sentence actually provides: "Where the maximum sentence is life imprisonment, a *minimum* sentence shall be imposed which shall not exceed fifteen years. . . ." (Emphasis added). Appellant erroneously substituted *maximum* for "minimum"—a substantial variation. In any event the contention is absurd and plainly frivolous. Sentencing one to *maximum* terms of "life imprisonment" and "fifteen years" would be contradictory.

We will thus ignore that argument and explain the operation of the statute as it is correctly written. First, the imposition of a minimum period of fifteen years imprisonment in connection *with a life sentence for first degree murder* is not intended by the statutory scheme. There is a special statute, quoted above, which completely controls the sentence for *first degree murder* and provides for a twenty year minimum sentence before the prisoner is "eligible for parole." D.C.Code § 22–2404, *supra*. This statute imposes a minimum sentence for first degree murder and is automatically embodied in every sentence imposed for such crime.

■ It is thus clear from D.C.Code § 22–2404 that the 15 year minimum for sentences of "life imprisonment" for other offenses does *not* apply to sentences of life imprisonment for first degree murder, because of § 2404's status as a special statute applicable to every sentence to life imprisonment for first degree murder. Special statutes prevail over general statutes. *See generally Simpson v. United States*, 435 U.S. 6, 15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70 (1978); *Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973); *Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d

786 (1957). *Cf.* 2A C. Sands, Sutherland, Statutory Construction § 51.05 (4th ed. 1973).

In addition to the application of this general principle of statutory construction, the first degree murder statute in question indicates by the inclusion of the initial clause: "Notwithstanding any other provision of law . . . ." that other statutory provisions were *not* intended to apply. The result, therefore, is that D.C.Code § 24–203 applies to sentences to life imprisonment for crimes other than first degree murder for which no contradictory minimum sentence is specifically provided. Crimes in this category for which life imprisonment may be imposed, with a 15 year minimum, include crimes of violence while armed, D.C.Code § 22–3202; kidnapping, D.C.Code § 22–2101; rape, D.C. Code § 22–2801; and second degree murder, D.C.Code § 22–2404.[14] One of the purposes of the special provision calling for a twenty year minimum on sentences for first degree murder was to distinguish between sentences of life imprisonment for second degree murder. This is explained in Judge Tamm's opinion in *Frady v. United States Bureau of Prisons*, 570 F.2d 1027, 1028 (D.C. Cir. 1978).

## V

■ Bryant also alleges, without elaboration, that the District Court had no jurisdiction to try and convict him. This latter claim we treat as a motion pursuant to 28 U.S.C. § 2255, the proper vehicle for attacking illegal sentencing. Since no facts are alleged in support thereof we deny the contention.

## CONCLUSION

■ Finding no merits in appellant's arguments we summarily affirm the District Court's dismissal of Bryant's petition as frivolous under 28 U.S.C. § 1915(d).[15]

*Judgment accordingly.*

---

**14.** D.C.Code § 22–2404 provides: " . . . Whoever is guilty of murder in the second degree shall be imprisoned for life or not less than twenty years.

**15.** Petitioners also have a side contention that the court should adopt the 1976 opinion by a trial judge in the Superior Court for the District of Columbia who disagreed with the treatment

(for alcoholism) and consideration for parole given by the United States Parole Board to a woman who was serving her District of Columbia sentence in the federal correctional facility for women at Alderson, West Virginia. The opinion found her treatment to be unconstitutionally discriminatory. *Williams v. Levi*, D.C. Superior Court. (June 9, 1976). D.C.Code § 24–209 gives the United States Board of Parole the same power and jurisdiction as the D.C. Parole Board over inmates serving D.C. sentences in federal correctional institutions. However, an inmate's expectation of parole [or different treatment] is not protected by due process. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979), and sentencing judges, once the sentence becomes final, are generally without authority to inject themselves into the details of the execution thereof by the prison authorities. The matter at that time is for the prison authorities and the Parole Commission. *United States v. Pollack*, 655 F.2d 243 (D.C. Cir. 1980); *United States v. Nunzio*, 430 A.2d 1372 (D.C. C.A., 1981). Moreover, opinions of a trial judge of the D.C. Superior Court are not printed, generally are not published, are not ordinarily circulated to the court, and are not binding on other judges of the court. They may be cited, but are only entitled within the court to such persuasive effect as another judge may consider they are entitled to. Federal courts are not even bound by the decisions of a state supreme court setting aside a state's statute on grounds that it violated the United States Constitution, *State of Minnesota v. Clover Leaf Creamery*, 449 U.S. 457, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981), and while federal courts give "proper regard" to decisions of lower state trial courts they are not required to follow them. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465–67, 87 S.Ct. 1776, 1782–1783, 18 L.Ed.2d 886 (1967); *King v. Order of Travelers*, 333 U.S. 153, 160–161, 68 S.Ct. 488, 492, 92 L.Ed. 608 (1948); *Gatewood v. Fiat S. p. A.*, 617 F.2d 820, 825 (D.C. Cir. 1980) (McGowan, J. "We are not literally bound by decisions of lower District of Columbia Courts.") We thus decline to follow *Williams v. Levi*, to the extent that it might have some application to Goode's case. That decision is not binding on this court, especially to the extent that it reaches out to interpret a federal statute and the United States Constitution. *Minnesota v. Clover Leaf Creamery, supra*, is plain authority on this point.