**In re Wilton CHATMAN–BEY,
Petitioner.**

**No. 83–1617.**

United States Court of Appeals,
District of Columbia Circuit.

Decided Oct. 4, 1983.

Wilton Chatman-Bey, pro se, was on the petition for writ of mandamus.

Before TAMM, GINSBURG and BORK, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Petitioner Wilton Chatman-Bey, a federal prisoner, commenced a proceeding in the district court seeking mandamus or habeas corpus relief. The district court, invoking 28 U.S.C. § 1404(a) (change of venue), directed a transfer of Chatman-Bey's case to the district embracing the place at which he is incarcerated. The court ordered the transfer on its own motion and without indication from any party that this forum would be inconvenient. A few months ago, we vacated a transfer order similarly directed to a prisoner's claim and similarly entered on the court's own motion without request or suggestion from any party; our opinion cautioned that "such action, if ever

appropriate, should be reserved for exceptional circumstances." *In re Scott,* 709 F.2d 717, 721 (D.C.Cir.1983) (per curiam). As in *Scott,* we find in this case no "exceptional circumstances" undergirding the district court's *sua sponte* decision. Accordingly, we grant the petition for a writ of mandamus, vacate the transfer order, and remand the case to the district court.

## I. Background

Wilton Chatman-Bey is a federal prisoner incarcerated in the federal penitentiary at Lewisburg, Pennsylvania. He is serving consecutive sentences for violations of both the United States Code and the District of Columbia Code.[1] In August 1981, the records office at Lewisburg prepared a sentence computation report that set Chatman-Bey's eligibility for parole at October 1999. Chatman-Bey objected to this determination; he claimed that the Federal Bureau of Prisons (FBP) improperly deferred his parole eligibility pending his service of the minimum terms of both his federal and District of Columbia sentences. He then filed timely but unsuccessful appeals to his prison case worker, the warden at Lewisburg, the FBP Regional Director in Philadelphia, and the FBP General Counsel in Washington, D.C.

Having exhausted these administrative remedies, Chatman-Bey filed *pro se* in the district court a petition for a writ of mandamus or habeas corpus. *Chatman-Bey v. Smith,* C.A. No. 83–1140 (D.D.C. filed April 20, 1983). Chatman-Bey's petition named five defendants—the Attorney General, the FBP General Counsel, the FBP Director, the warden at Lewisburg, and the U.S. Parole Commission—and sought a court order declaring him eligible for parole in October 1991, rather than 1999.

The district court, without awaiting service of the petition on the named defendants, *sua sponte* issued an order to show cause why the case should not be transfer-

1. Chatman-Bey's pleadings admit the following consecutive sentences: a 25-year term imposed by the United States District Court in Maryland (1975); a 10 to 30-year term imposed by the District of Columbia Superior Court (1975); and a 5-year term imposed by the United States District Court in Maryland (1977).

red to the Middle District of Pennsylvania. Chatman-Bey filed a timely and detailed response, arguing that his case presented a purely legal challenge to FBP sentence computation policy, and that none of the traditional venue considerations favored transfer to Pennsylvania.[2] Immediately upon receipt of Chatman-Bey's response, the district judge entered an order predicated upon 28 U.S.C. § 1404(a) transferring the case to Pennsylvania; the transfer order stated, without elaboration, that "no adequate response" to the show cause order had been filed.[3]

Chatman-Bey then filed a petition for a writ of mandamus in this court seeking vacation of the transfer order. Because we were unable to identify the basis for transfer, we deferred ruling on the petition, retained jurisdiction, and directed the district court to state the reasons for its decision. See In re Pope, 580 F.2d 620, 623 (D.C.Cir.1978) (per curiam); cf. Crisafi v. Holland, 655 F.2d 1305, 1310 (D.C.Cir.1981) (per curiam) ("district court judges [should] endeavor to ... supply[] a cogent statement of reasons" when dismissing a pro se complaint under 28 U.S.C. § 1915(d)). The district judge provided three reasons: (1) Chatman-Bey is more "readily available" to the Pennsylvania court; (2) the "principal defendant" is the warden at Lewisburg; and (3) Pennsylvania is the "most appropriate and convenient" place to hear complaints against the Lewisburg warden.[4] We conclude that none of these reasons justifies the district court's sua sponte transfer of this case.

## II. ANALYSIS

Mandamus is "a drastic [remedy], to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam). Nevertheless, because the broad discretion conferred by section 1404(a) "is not untrammeled," Fine v. McGuire, 433 F.2d 499, 501 (D.C.Cir. 1970) (per curiam), the writ is available to prevent abuses of a district court's authority to transfer a case. See Relf v. Gasch, 511 F.2d 804, 808 (D.C.Cir.1975) (allegation that judge ordered transfer to court of improper venue); Fine v. McGuire, 433 F.2d at 501–02 (allegation that judge failed to provide hearing before transfer); see also Jones v. Gasch, 404 F.2d 1231, 1242 (D.C.Cir. 1967) (mandamus may issue where "the decision on transfer rests upon an improper

---

2. With respect to the traditional venue factors, Chatman-Bey noted: (1) he had been sentenced in the District of Columbia; (2) his personal testimony would not be required; (3) the final administrative decision in his case was made in the District; and (4) all potential witnesses were located in this jurisdiction.

3. The transfer order reads:
It appearing to the Court that on the 27th day of April 1983, an order was issued herein directing the plaintiff to Show Cause why the complaint should not be transferred, and the Court having considered the pleadings, plaintiff's response to the order to Show Cause, and it now appearing that no adequate response has been filed, it is by the Court this 20th day of May 1983,
ORDERED that the Clerk of this Court is directed to transfer the above entitled cause to the United States District Court for the Middle District of Pennsylvania.
Chatman-Bey v. Smith, C.A. No. 83–1140 (D.D.C. May 20, 1983).

4. The district court's statement reads in full:

In this case the rule to show cause as to why the case should not be transferred to the United States District Court for the Middle District of Pennsylvania was issued for the following reasons:
(1) The petitioner is incarcerated in the Middle District of Pennsylvania. Should there be a need to appear he would be readily available to that Court.
(2) The principal defendant is the Warden of the penitentiary where the petitioner is incarcerated, also located in the Middle District of Pennsylvania. He is the defendant who has been making the rules concerning which the petitioner complains. The other three defendants are named simply because of their official position and are unnecessary parties for the relief sought by the petitioner.
(3) It is felt that the Middle District of Pennsylvania is the most appropriate and convenient place to hear complaints against the Warden located there by the petitioner located there.
Chatman-Bey v. Smith, C.A. No. 83–1140 (D.D.C. Aug. 3, 1983).

factor") (dictum).[5] Chatman-Bey has therefore invoked an appropriate procedure to challenge the transfer of his case.

Recently, in *In re Scott,* 709 F.2d 717 (D.C.Cir.1983) (per curiam), we reviewed in response to a mandamus petition a similar district court *sua sponte* transfer of a *pro se* prisoner suit. Scott was a federal prisoner who filed a Freedom of Information Act (FOIA) complaint in the district court. Two days after submission of Scott's complaint, the district judge issued an order to show cause why the case should not be transferred to the Western District of Tennessee, where Scott was incarcerated. *Id.* at 718. Scott filed a response to the order, arguing that venue was improper in Tennessee and that transfer was unwarranted. The judge then vacated the order, and issued a second order directing Scott to show cause why the case should not be transferred to the Northern District of Georgia, where one of the defendants was located. *Id.* Scott amended his complaint to dismiss that defendant, and adopted by reference his response to the initial show cause order. Nevertheless, the judge *sua sponte* ordered the transfer, noting only that Scott had failed to file an "adequate response" to the show cause order. On petition for a writ of mandamus to vacate the transfer order, this court first directed the district court to provide a statement of reasons for its action. The district judge responded that his decision rested on the "very large number of forma pauperis cases ... filed [in this Circuit] by prisoners from all over the country." *Id.* at 719.

In ruling on Scott's petition for mandamus, this court said:

> The broad language of section 1404(a) would seem to permit a court to order transfer on its own motion. Nevertheless, we think such action, if ever appropriate, should be reserved for exceptional circumstances.

*Id.* at 721 (footnote omitted). After examining the circumstances of Scott's case, we concluded that the district court had abused its discretion by ordering a transfer. Scott had filed his complaint in a court of appropriate jurisdiction and proper venue.[6] The district judge's proffered explanation—that he ordered transfer because of the burden imposed on the district court by the large number of *in forma pauperis* suits filed in this circuit—did not place Scott's case within the group of exceptional situations in which a court's *sua sponte* rejection of the plaintiff's choice of forum might be justified. Accordingly, we vacated the transfer order and remanded the case to the district court.

Our decision in *Scott* emphasized that transfer on a court's own motion is strongly disfavored. Here, as in *Scott,* we conclude that the transfer order is not justified by any set of exceptional circumstances.

■■■ Initially, we note that venue is proper in this circuit. Chatman-Bey is challenging the FBP's computation of his parole eligibility date. In the district court, he requested alternative remedies: federal habeas corpus pursuant to 28 U.S.C. § 2241, and mandamus pursuant to 28 U.S.C. § 1361.[7] While this court has not decided

---

5. *Jones* dealt with a transfer pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, a criminal analogue to 28 U.S.C. § 1404(a). The stated criteria for transferring a case under either provision are the same. *See Jones v. Gasch,* 404 F.2d at 1236–37. *Compare* Fed.R.Crim.P. 21(b) ("For the convenience of parties and witnesses, and in the interest of justice ...."*) with* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice ....").

6. Because Scott's complaint was based on the FOIA, his forum choice had special significance. The FOIA venue provision "reflects an express congressional design to render the Dis-

trict of Columbia an all-purpose forum in FOIA cases." 709 F.2d at 720.

7. Chatman-Bey did not challenge the fact or duration of his confinement. Rather, he asked for earlier eligibility for parole consideration. Consequently, he was not *required* to bring his claim as a habeas action. *Cf. Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974); *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (sole federal remedy for prisoner challenging "the very fact or duration of his physical imprisonment" is writ of habeas corpus).

whether habeas is available to a prisoner alleging an unlawful denial of parole consideration,[8] we have ruled that an alleged improper denial of a parole hearing can be challenged by a petition for a writ of mandamus. *See Goode v. Markley,* 603 F.2d 973, 975 & n. 4 (D.C.Cir.1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980). As Chatman-Bey requested mandamus relief, it is clear that venue is proper in this forum. *See Starnes v. McGuire,* 512 F.2d 918, 925 (D.C.Cir.1974) (en banc); *Wren v. Carlson,* 506 F.2d 131, 133–34 (D.C. Cir.1974) (per curiam); 28 U.S.C. §§ 1361, 1391(e).

Because the petition was properly filed here, we must decide "whether the district court abused its discretion in ordering a transfer of [petitioner's] complaint *sua sponte* and for the reason[s] stated." *In re Scott,* 709 F.2d at 720. As noted earlier, the district judge cited three factors in support of his decision: the prisoner is more "readily available" to the Pennsylvania court, the warden in Pennsylvania is the "principal defendant," and Pennsylvania is the "most appropriate and convenient" forum to hear the case. We recognized in *Scott* that in some prisoner cases—for example, where an inmate challenges the conditions of his incarceration—the factors cited above might justify a district court's *sua sponte* transfer to the place of confinement. *Id.* at 721.

In the context of this case, however, the reasons offered by the district court do not furnish any valid ground for transfer. Indeed, the court's statement reflects a fundamental misunderstanding of petitioner's complaint. Chatman-Bey is attacking the FBP's method of computing parole eligibility for prisoners serving consecutive federal and District of Columbia sentences. He raises a purely legal issue, which requires no trial court factfinding. There is no possibility that Chatman-Bey's testimony will be required to resolve the question he presents; his availability in Pennsylvania therefore provides no reason for transfer. *See Starnes v. McGuire,* 512 F.2d at 931 (when prisoner's testimony is not required, inconvenience of transporting him to court becomes irrelevant to transfer decision).

Moreover, nothing in Chatman-Bey's complaint ties his claim to the Middle District of Pennsylvania. The warden at Lewisburg does not "mak[e] the rules" with respect to petitioner's parole eligibility. While the initial computation did take place at Lewisburg, the eligibility date was recomputed by the FBP Regional Director, and that decision was approved by the FBP General Counsel here in Washington. Resolution of Chatman-Bey's complaint, it should be apparent, will not turn on the place at which he is incarcerated. Rather, he seeks a ruling on federal parole eligibility policies applicable throughout the country, policies no more readily amenable to judicial review in Pennsylvania than in this circuit.[9] Consequently, we can find no acceptable justification for the district court's decision to transfer this case *sua sponte.*[10]

### III. CONCLUSION

Although a district court has broad authority to order a transfer under section

---

**8.** *See Goode v. Markley,* 603 F.2d 973, 975 n. 3 (D.C.Cir.1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980); *Frady v. United States Bureau of Prisons,* 570 F.2d 1027, 1028 n. 1 (D.C.Cir.1978) (per curiam); *cf. Shelvy v. Whitfield,* 718 F.2d 441, 442 n. 1 (D.C. Cir.1983).

**9.** Indeed, this circuit has been the forum for all reported cases addressing the issue Chatman-Bey raises, even when the complainants were not incarcerated in the District of Columbia. *See Bryant v. Civiletti,* 663 F.2d 286 (D.C.Cir. 1981); *Goode v. Markley,* 603 F.2d 973 (D.C. Cir.1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980); *Frady v. United States Bureau of Prisons,* 570 F.2d 1027 (D.C. Cir.1978) (per curiam). In *Bryant* and *Frady,* the prisoners were both incarcerated in the penitentiary at Lewisburg.

**10.** We note our concern regarding the district court's failure to address the arguments against transfer Chatman-Bey stated explicitly in his response to the show cause order: "[P]rinciples of fairness suggest that a plaintiff receive some indication that the court considered and for good reason rejected his arguments." *In re Scott,* 709 F.2d at 721 n. 11. In this case, even more conspicuously than in *Scott,* the petitioner received no indication that his contentions were even examined.

1404(a), this petition "presents the rare case in which a transfer order clearly fails to evince a tolerable basis." *In re Scott,* 709 F.2d at 721. Chatman-Bey selected this circuit—a place of proper venue—as the forum for his litigation. The district judge then *sua sponte* rejected petitioner's choice of forum and ordered the case transferred. The reasons stated by the district court, while indicating factors often relevant in transfer decisions, bear no significant relationship to the case Chatman-Bey has filed and therefore do not provide acceptable grounds for transferring his suit. Chatman-Bey's choice of a proper forum, one at this juncture unopposed by any party, deserved greater regard than it was given by the district court. Accordingly, we vacate the transfer order, and remand the case to the district court for proceedings consistent with this opinion.

*It is so ordered.*