**Wilton CHATMAN–BEY, Petitioner,**

v.

**William French SMITH, et al., Defendants.**

**Civ. A. No. 83–1140.**

United States District Court, District of Columbia.

Oct. 9, 1984.

---

**3.** Likewise, the similar requests included in the briefs accompanying the other motions in li-     mine are denied.

**719**

Wilton Chatman-Bey, pro se.

John C. Martin, Ina Strichartz, Asst. U.S. Attys., Joseph E. Digenova, U.S. Atty., Washington, D.C., for defendants.

1. Most of the facts relevant to this case can also be found in the Opinion by the Court of Appeals

CHARLES R. RICHEY, District Judge.

## INTRODUCTION

This case, brought by a prisoner in a federal penitentiary in Lewisburg, Pennsylvania, is before the Court on remand from the Court of Appeals. By Order of May 20, 1983, the district court (Hart, J.) had directed that this case be transferred to the Middle District of Pennsylvania. In remanding, the Court of Appeals vacated that Order. *In re Chatman-Bey*, 718 F.2d 484 (D.C.Cir.1983).

Initially, the Court notes that, based upon a careful reading of the Complaint, the decision of the Court of Appeals, the respective motions, and the petitioner's pleadings, including that by him for summary judgment, it is clear beyond peradventure that the claims herein, being fully briefed, do not require the appointment of counsel. This case does not prevent a novel issue. The issue has previously been decided, in a way that no reasonable person can dispute, by the Court of Appeals, as hereinafter discussed.

The Court has before it several motions, together with Supplemental Memoranda in Support Thereof and in Opposition Thereto, in this case. The Court must rule on the Defendants' Motion for a Protective Order to Stay Discovery, the Petitioner's Motion for Summary Judgment, and the Defendants' Motion to Dismiss or, in the Alternative, to Transfer. For the reasons set forth in this Opinion, the Court has, by Order of even date herewith, granted the Defendants' Protective Order, denied the Petitioner's Motion for Summary Judgment, denied the Defendants' Motion to Transfer, and granted the Defendants' Motion to Dismiss.

## BACKGROUND [1]

The petitioner is presently serving, at Lewisburg, three consecutive sentences for violations of both the United States Code and the District of Columbia Code. The first sentence is a twenty-five year term

for this Circuit, *In re Chatman-Bey*, 718 F.2d 484 (D.C.Cir.1983).

imposed on January 3, 1975 by the United States District Court for the District of Maryland. The second sentence is a term of ten to thirty years imposed on June 18, 1975 by the Superior Court for the District of Columbia. The third sentence is a term of five years imposed on January 10, 1977 by the United States District Court for the District of Maryland.

The petitioner began service of these consecutive sentences in June, 1981. In August, 1981 the records office at the Lewisburg penitentiary prepared a sentence computation report that set Chatman-Bey's eligibility for parole at October, 1999. His parole eligibility was determined by aggregating the minimum terms of two of the three consecutive sentences being served. The minimum term of the first sentence of twenty-five years, imposed by the United States District Court for the District of Maryland, is one third of that sentence, or eight years and four months. This calculation was made pursuant to 18 U.S.C. § 4205(a), which states, in part, that "a prisoner shall be eligible for release on parole after serving one-third of such term." The minimum term, ten years, of the second sentence, imposed by the Superior Court of the District of Columbia, was added to the eight years and four months. This was calculated pursuant to 24 D.C. Code § 203, which states that "any person so convicted and sentenced may be released on parole as herein provided at any time after having served the minimum sentence." These two sentences were aggregated to a total of eighteen years and four months, which resulted in the October, 1999 release date.[2]

The petitioner contends that the Federal Bureau of Prisons ("FBP") improperly computed his release date. Specifically, the petitioner claims that the FBP improperly relied on provisions of the D.C.Code, while the United States Code provides for

parole eligibility to federal offenders after ten years. 18 U.S.C. § 4205(a). Chatman-Bey argues that Congress's ten year ceiling for federal offenders should apply to his sentence even though Congress provided no such ceiling for violators of the D.C. Code. If the ten year ceiling does not apply, the petitioner asserts that he is being denied equal protection of the laws in violation of the U.S. Constitution. Chatman-Bey seeks an order declaring him eligible for parole in 1991 rather than 1999. He has named as defendants the Attorney General of the United States, the FBP General Counsel, the FBP Director, the Warden at Lewisburg, and the United States Parole Commission.

After exhausting his administrative remedies, the petitioner filed *pro se* a petition for a writ of mandamus or habeas corpus. On May 20, 1983, the District Court (Hart, J.) *sua sponte* ordered the case transferred, pursuant to 28 U.S.C. § 1404(a), to the Middle District of Pennsylvania. On October 4, 1983, the U.S. Court of Appeals for this Circuit vacated the transfer order and remanded to this Court for proceedings consistent with its Opinion. *In re Chatman-Bey*, 718 F.2d 484 (D.C.Cir.1983). The Court stated, *inter alia*, that "[a]s Chatman-Bey requested mandamus relief, it is clear that venue is proper in this forum." 718 F.2d at 488 (Citations omitted). The Court also held that the District Court abused its discretion in transferring the case. *Id.*

## THERE IS NO NEED FOR DISCOVERY BECAUSE THERE ARE NO MATERIAL FACTS IN DISPUTE

█ When the Court of Appeals remanded this case, it stated:

Chatman-Bey is attacking the FBP's method of computing parole eligibility for prisoners serving consecutive federal

---

2. The petitioner's release date was not affected by his five year sentence imposed by the U.S. District Court for the District of Maryland. This apparently is due to the U.S. Parole Commission's interpretation of 24 D.C.Code § 203(a), which imposes a fifteen year ceiling

for a sentence of life imprisonment for violators of the D.C.Code. Thus, Chatman-Bey's release date was calculated solely by aggregating the minimum terms of his first federal sentence and his District of Columbia sentence.

and District of Columbia sentences. He raises a purely legal issue, which requires no trial court factfinding. 718 F.2d at 488.

The defendants agree with this interpretation, and contend that no discovery is necessary. The petitioner argues that some discovery is needed. However, the petitioner has also moved for summary judgment, contending that there are no genuine issues of material fact. While the petitioner, therefore, has presented inconsistent contentions, the Court notes that he is *pro se*, and the Court has looked beyond these inconsistent pleadings to see if discovery is needed. *Cf. Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (*Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"). However, upon careful review, the Court is convinced that the instant case involves solely legal questions, and thus discovery is unnecessary. All of the material facts, which have been herein set forth, are not in dispute. Accordingly, the Court has granted the defendants' Motion to Stay Discovery.

### THIS CASE SHOULD NOT BE TRANSFERRED

The defendants in the present case contend that this case should be transferred to the Middle District of Pennsylvania, where the petitioner is presently confined. The basis for this contention is that mandamus is unavailable to the petitioner, and therefore habeas corpus is his only avenue of relief. A habeas action, the defendants argue, can only be brought against the petitioner's Warden in Pennsylvania. This argument fails.

■ It is no longer the law that habeas can only be brought in the jurisdiction of the petitioner's confinement. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Procacci v. Sigler*, 61 F.R.D. 5 (D.D.C.1973). In *Procacci*, the petitioner

brought an action, styled in the form of habeas and mandamus, against the Director of the BFP, the Chairman of the U.S. Board of Parole,[3] and the Attorney General. The petitioner in that case challenged the Parole Board's decision to deny the petitioner's requests for parole or for transfer. Although the petitioner was incarcerated in Texas, the Court held that jurisdiction and venue were proper in the District of Columbia, stating that "[t]he decision was made here, the decision makers are here, as well as any information the decision makers may have relied upon in making their determination." 61 F.R.D. at 7.

■ The argument for jurisdiction and venue is even more compelling in the present case. This case challenges a decision of the BFP, setting petitioner's parole eligibility date in 1999. That decision rested, in part, upon the application of certain District of Columbia parole statutes. The only defendant in the Middle District of Pennsylvania is the petitioner's Warden, who played no part in the decision. *Chatman-Bey*, 718 F.2d at 488. Thus, the Court concludes that it has habeas jurisdiction in this case.

Even if this Court does not have habeas jurisdiction, the Court of Appeals has already directed this Court to hear the petitioner's mandamus action:

> Initially, we note that venue is proper in this circuit. Chatman-Bey is challenging the FBP's computation of his parole eligibility date. In the district court, he requested alternative remedies: federal habeas corpus pursuant to 28 U.S.C. § 2241, and mandamus pursuant to 28 U.S.C. § 1361. While this court has not decided whether habeas is available to a prisoner alleging an unlawful denial of parole consideration, we have ruled that an alleged improper denial of a parole hearing can be challenged by a petition for a writ of mandamus. *See Goode v. Markley*, 603 F.2d 973, 975 & n. 4 (D.C.

---

**3.** The role of the U.S. Board of Parole has been largely subsumed by the U.S. Parole Commission. 18 U.S.C. § 4202.

Cir.1979), *cert. denied* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980). As Chatman-Bey requested mandamus relief, it is clear that venue is proper in this forum. *See Starnes v. McGuire,* 512 F.2d 918, 925 .(D.C.Cir.1974) (en banc); *Wren v. Carlson,* 506 F.2d 131, 133–34 (D.C.Cir.1974) (per curiam); 28 U.S.C. § 1361, 1391(e).

718 F.2d at 487–88 (footnotes omitted). Although the defendants insist that the Court of Appeals only considered venue appropriate, and that it did not determine whether the criteria for mandamus were met in this case, the Court finds the above-quoted language clear enough. The Court of Appeals directed this Court to hear the case, and the Court now turns to the merits.[4]

## THE FBP PROPERLY AGGREGATED PETITIONER'S FEDERAL SENTENCE AND HIS DISTRICT OF COLUMBIA SENTENCE

■ The petitioner asserts that 18 U.S.C. § 4205(a) applies to make him eligible for parole after ten years. That section provides:

(a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, *except to the extent otherwise provided by law.* (Emphasis supplied).

This part of the statute must be read in conjunction with section (h), which provides:

*Nothing. in this chapter shall be construed to provide that any prisoner shall be eligible for release on parole if such prisoner is ineligible for relief under any other provision of law.* 18 U.S.C. § 4205(h). (Emphasis supplied).

The petitioner violated the criminal provisions of the District of Columbia Code, as well as those of the United States Code.

While § 4205(a) provides a ten year ceiling on parole eligibility for purely federal offenders, the ceiling does not apply to the petitioner's convictions in the D.C. Superior Court. The parole eligibility of D.C.Code offenders is governed by 24 D.C.Code §§ 203–209. Those provisions contain no such ceiling, and, in the language of § 4205(h), they constitute "any other provision of law" under which the petitioner is ineligible for parole.

This case falls squarely under the holding of *Bryant v. Civiletti,* 663 F.2d 286, 290 (D.C.Cir.1981). In *Bryant,* the Court of Appeals held that the ten year ceiling of 18 U.S.C. § 4205(a) did not apply to a prisoner incarcerated for consecutive federal and District of Columbia sentences. The Court there stated that "once Bryant has served the minimum sentences for his federal bank-robbery convictions [i.e. ten years, by virtue of § 4205(a) ], he will commence to serve his minimum time on his first consecutive life sentence for murder under the D.C. law." *Id.* Just as the ten year ceiling did not apply in *Bryant,* it also does not apply in this case. Because Congress has placed no applicable ceiling for parole eligibility for D.C. offenders, the FBP correctly aggregated the two consecutive minimum sentences to determine the petitioner's parole eligibility, without regard to one of his federal sentences.

## THE AGGREGATION OF THE D.C. SENTENCE AND THE FEDERAL SENTENCE DOES NOT VIOLATE DUE PROCESS

■ The petitioner asserts that the applicability of 24 D.C.Code § 203 violates the Due Process clause of the Fifth Amendment. In support of this contention the petitioner asserts that the government had taken a position, in a brief before the Court of Appeals in *Cosgrove v. Smith,* 697 F.2d 1125 (D.C.Cir.1983), contrary to its current position. In that brief, the government stated that "[i]n some situations a D.C.

---

**4.** Whether this case is styled as a habeas petition, or as a mandamus action, or as both, does

not affect its disposition on the merits.

Code offender may have an earlier parole eligibility date merely because he is housed in a federal institution. Regardless of the length of a prisoner's sentence, a convict incarcerated in a federal facility will be eligible for parole in ten years. 18 U.S.C. § 4205(a)." No. 81–1924, Brief for Appellees, 19, n. 19.

The petitioner asserts that he should be held to the same standard as that stated by the government in its *Cosgrove* brief. If not, the petitioner argues, the FBP's actions violate due process. The response to this is two-fold. First, the government's statement in that brief is simply incorrect. *See Bryant*, 663 F.2d at 290 (holding that a federal prisoner, sentenced under both the D.C.Code and the U.S.Code, may be incarcerated longer than ten years). Secondly, the issue in *Cosgrove* differs from that in the present case. In *Cosgrove* there was no claim that the D.C.Code offender's eligibility for parole should not be governed by 24 D.C.Code § 203. The brief did not represent any governmental policy creating an entitlement to parole after ten years. There is simply no basis for finding a due process violation from such a misstatement in a brief in an unrelated case.

## THE AGGREGATION OF SENTENCES DOES NOT DEPRIVE PETITIONER OF EQUAL PROTECTION OF THE LAWS

■ Petitioner alleges that he is similarly situated to other federal prisoners, including those who will be eligible for parole after ten years by virtue of § 4205(a). Therefore, under the facts of this case, the petitioner erroneously contends that he is receiving unequal treatment than those similarly situated, thus constituting a denial of equal protection. The defendants contend that the proper comparison is with other prisoners sentenced under both the D.C.Code and the U.S.Code. The Court agrees with the defendants.

The petitioner cites *Koyce v. United States Board of Parole*, 306 F.2d 759 (D.C. Cir.1962), for the proposition that he is similarly situated to those with whom he is confined, not to those convicted in the same jurisdiction. The appellant in *Koyce* had been sentenced by a court-martial. Congress had provided that persons sentenced by a court-martial may be confined in non-military penal institutions. 10 U.S.C. § 858(a) (1958). The regular parole provisions, applicable to non-military prisoners, also applied to military prisoners in these facilities. *Id.* The appellant was incarcerated in a prison under civilian control, and, thus, he was subject to the parole conditions of that institution. Dissatisfied with those parole conditions, the appellant contended that he was similarly situated to others convicted by courts-martial, who were not subject to the parole conditions if they remained in military penal institutions. This difference in treatment, the appellant argued, denied him the equal protection of the laws in violation of the due process clause of the Fifth Amendment. Rejecting that argument, the court stated:

> In determining whether he is being denied equal protection of the laws the class to which he belongs consists of the persons confined as he was confined, subject to the same conditions to which he was subject.

306 F.2d at 762.

The petitioner here contends that, because of the above-quoted language, the class to which he belongs is those prisoners confined with him at Lewisburg, most of whom are subject to the ten year ceiling of § 4205(a). This argument misses the mark. The proper class to which the petitioner belongs is the class of D.C.Code offenders housed in federal facilities. Although the petitioner is incarcerated in a federal penitentiary, he is treated no differently from any other offender who has been convicted of a crime under the D.C. Code and imprisoned in a federal institution. There is, therefore, no disparate treatment, and no denial of equal protection.

■ Moreover, even if the Court considered the petitioner similarly situated to prisoners sentenced only under the U.S. Code, there is no denial of equal protection.

The proper level of scrutiny is the "rational basis" test because the petitioner is neither a member of a "suspect class" nor is the interest in committing crimes a "fundamental interest." *United States v. Cohen,* 733 F.2d 128, 132–36 (D.C.Cir.1984) (*en banc*). The petitioner, therefore, must show that Congress acted irrationally and arbitrarily by enacting two parole statutes, governing federal offenders on the one hand and D.C. Code offenders on the other.

The legislative classification here under attack is eminently reasonable. Congress has the particular and exclusive responsibility over the protection of the citizens of the District of Columbia through the exercise of police powers. *Cohen,* 733 F.2d at 138. In his concurring opinion in the recent *Cohen* case, Judge Mikva observed:

> When Congress acts in its capacity as local sovereign, ... the fact that individuals outside the District of Columbia receive different treatment from their state legislatures ought to be constitutionally irrelevant. Individuals within and without the District of Columbia are not similarly situated with respect to congressional legislation enacted in Congress' role as local sovereign .... [W]hen a state legislature could, consistent with federal law, impose the same rule in its state that Congress has imposed in the District, Congress' action ought to be immune from equal protection attack.

*Cohen,* 733 F.2d at 141–42 (concurring opinion of Mikva, J.).

The D.C. parole statute challenged in this case has been imposed under that constitutional grant which authorizes the federal government to "exercise exclusive Legislation in all Cases whatsoever, over such District ... as may ... become the Seat of the Government of the United States." U.S. Const. art. I, § 8, cl. 17. As the Court stated in *Cohen,* "in a sense the Constitution itself establishes the rationality of the present classification, by providing a separate federal power which reaches only the present group." 733 F.2d at 139.

In sum, there is a rational basis for the legislative classification at hand. Congress has chosen to impose different parole eligibility requirements for those who violate D.C. laws and those who violate federal laws. Merely because the petitioner has violated both, and is housed in a federal facility, does not entitle him to the ten year parole eligibility ceiling available to those who violate only federal laws.

## CONCLUSION

The Court has fully examined the purely legal issues presented in this case. Under either basis for this claim, namely mandamus or habeas, or under any other statute which gives this Court jurisdiction to review Parole Commission and FBP decisions, the petitioner would not be entitled to the relief he seeks. The BFP properly aggregated, for parole eligibility considerations, the petitioner's District of Columbia and federal sentences. That aggregation, which extended the time for the petitioner's parole eligibility beyond the ten year ceiling applicable to those prisoners sentenced solely under the United States Code, did not violate any constitutional provisions. Congress acted rationally, and fully within its power, in imposing different parole eligibility requirements for D.C.Code offenders and for U.S.Code offenders. The Court has issued an Order, of even date herewith, consistent with this Opinion.