Keith E. **GAFFNEY–BEY**, Plaintiff,

v.

**FEDERAL BUREAU OF PRISONS, et al., Defendants.**

**Civ. A. No. 86–1866.**

United States District Court, District of Columbia.

Jan. 16, 1987.

R. Kenneth Mundy, Washington, D.C., for plaintiff.

Thomas E. Zeno, Asst. U.S. Atty., and on brief, Joseph E. diGenova, U.S. Atty., Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

Plaintiff was convicted of a variety of offenses under the District of Columbia Code. He was originally incarcerated in the District of Columbia Correctional Facili- ty in Lorton, Virginia, and was transferred first to the federal penitentiary at Terre Haute, Indiana, and then to the penitentiary at Marion, Illinois, where he is now imprisoned. In this suit, plaintiff charges that his transfer from Lorton Reformatory to the federal penitentiary in Terre Haute, Indiana, was unlawful in that he did not receive a pre-transfer hearing. He has also filed a habeas corpus claim, alleging that his life is endangered in the federal prison system and asking for immediate return to Lorton.

Before the Court is defendants' motion for dismissal of plaintiff's due process claim and for transfer of the remaining habeas corpus claim to the United States District Court for the Southern District of Illinois. The Court has had the benefit of oral argument on these questions and has also carefully considered the motion and the memoranda of law filed by both parties. In consequence, the Court must grant defendants' motion to dismiss plaintiff's due process claim and must also grant defendants' motion for change of venue.

## BECAUSE PLAINTIFF'S TRANSFER TO THE FEDERAL PRISON SYSTEM MET ALL LEGAL REQUIREMENTS, THE COURT MUST DISMISS HIS DUE PROCESS CLAIM.

Plaintiff argues that his incarceration within the federal prison system is unlawful because he was transferred from the District of Columbia without a hearing. In essence, plaintiff claims that he was denied due process of law when he was not given a pre-transfer administrative hearing. This claim is without legal foundation.

The Supreme Court has found that, where state law gives transferring officials full discretion to transfer a prisoner from one prison system to another, that official may act "for whatever reason or for no reason at all." *Olim v. Wakinekona,* 461 U.S. 238, 243, 103 S.Ct. 1741, 1744, 75 L.Ed.2d 813 (1983). The Court clearly stated that no liberty interest was implicated in

such a transfer. *Id.* at 248–51, 103 S.Ct. at 1746–48.

■ Because the laws of the District of Columbia "explicitly commit prison transfer decisions to the discretion of the Attorney General," those convicted under the District of Columbia Code are not entitled to an administrative hearing before transfer from Lorton to federal custody. *Smith v. Saxbe,* 562 F.2d 729, 735 (D.C.Cir.1977). The plaintiff in *Smith,* like plaintiff Gaffney-Bey, was convicted solely of offenses under the District of Columbia Code. Thus, there is no basis for distinguishing *Smith* from plaintiff's situation. As a result, the Court must grant defendant's motion to dismiss plaintiff's due process claim.

## THE COURT MUST TRANSFER THIS CASE TO THE SOUTHERN DISTRICT OF ILLINOIS.

Defendant has moved to transfer plaintiff's remaining habeas corpus claim to the Southern District of Illinois, the judicial district in which plaintiff now resides. Plaintiff has advanced several arguments against transfer. He stresses his special relationship with counsel, who has long represented plaintiff's family and who is representing plaintiff for a minimal fee. Moreover, plaintiff argues that his life is in danger in the federal correctional system and, in consequence, he would be harmed by any delay in consideration of his habeas corpus petition.

■ Plaintiff's arguments cannot overcome settled law. Petitions for habeas corpus are properly brought only in the jurisdiction in which the plaintiff's custodian may be found. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495, 93 S.Ct. 1123, 1129–30, 35 L.Ed.2d 443 (1973); *In re United States Parole Commission,* 793 F.2d 338, 341 (D.C.Cir.1986); *Starnes v. McGuire,* 512 F.2d 918, 932 (D.C.Cir.1974). That "custodian" is not the Federal Bureau of Prisons but the warden of the particular facility in which the petitioner is incarcerated. *Guerra v. Meese,* 786 F.2d 414, 416–17 (D.C.Cir.1986). As such, the Southern District of Illinois, not this Court, is the proper forum for plaintiff's action.

Even if it were possible for the Court to view plaintiff's suit as a form of action other than a habeas corpus petition, transfer to the Southern District of Illinois would be proper. Plaintiff argues against transfer by claiming that the general principles governing change of venue under 28 U.S.C. § 1404(a) value plaintiff's choice of forum and the convenience of parties and witnesses highly and demand no change of venue in this case. While these arguments may be correct with respect to other types of cases, this Circuit has adopted a different rule for evaluating the transfer of cases brought by prisoners incarcerated elsewhere.

Although more than a decade old, the leading case in this Circuit remains *Starnes v. McGuire,* 512 F.2d 918 (D.C.Cir. 1974) (en banc). *Starnes* explicitly states that the proper question with respect to the transfer of prisoner cases is not the convenience of the parties but "whether any compelling reason requires the matter to be litigated here. If no such reason appears, transfer of the case to the district of confinement would be in order." *Id.* at 923.

■ Plaintiff suggests that his good relationship with counsel is such a compelling reason. The Court has no wish to interrupt that relationship; indeed, the Court would like to express its gratitude to plaintiff's counsel for his decision to forgo his ordinary fees and undertake this case. But convenience of counsel is only one factor that the Court must consider. Under *Starnes,* the Court must also consider the difficulty of transferring the prisoner to the District of Columbia, the availability of witnesses and files, and the speed of final resolution. *Id.* at 929–32. In the case at bar, these factors dictate transfer of this action to the Southern District of Illinois, and plaintiff has not provided "compelling" justifications that mitigate against them.

The Court cannot speculate as to whether resolution of this matter would proceed more speedily before this Court or in the

Southern District of Illinois. But the Court can say, without question, that an inmate who fears that his safety is endangered anywhere in the federal prison system is more likely to risk harm by traveling through the system to attend court in the District of Columbia than by remaining in one facility. This is especially true where, as here, that inmate does not claim that the facility in which he is now incarcerated is less capable of protecting him than other federal facilities might be.

Moreover, plaintiff's claim will require extensive factfinding. His testimony, and that of other inmates familiar with the alleged risks to his life, may be key. Where inmate testimony is required, the inconvenience of transporting prisoners, and in this instance the possibility of physical harm to them, strongly suggest the propriety of transfer. *In re Chatman-Bey*, 718 F.2d 484, 488 (D.C.Cir.1983); *Starnes v. McGuire*, 512 F.2d at 931.

Plaintiff's arguments against transfer are not convincing. First, plaintiff has stated that he may need to examine files in congressional offices, the Bureau of Prisons, as well as files and personal papers of inmates in the Terre Haute and Marion penitentiaries. While the files in congressional offices and the Bureau of Prisons would be available regardless of where plaintiff pursued his case, the files, and particularly the personal papers of inmates, at Terre Haute and Marion may be available more easily, if not exclusively, to counsel in those areas. As such, this factor does not support keeping the case before this Court.

Similarly, plaintiff argues that his case should not be transferred because he will need to call expert witnesses located throughout the country, and they would be inconvenienced by a transfer to the Southern District of Illinois. But experts located throughout the country would be equally inconvenienced by a trip to Washington, D.C. Because travel to either location would inconvenience plaintiff's expert witnesses, the Court cannot find that this argument overcomes the presumption favor-

ing transfer developed by *Starnes* and its progeny.

Finally, plaintiff's *Memorandum of Law in Opposition to the Government's Motion* suggests, although elliptically, that a Court in the Southern District of Illinois would not find inmates in the Marion penitentiary credible witnesses. *Plaintiff's Memorandum of Law* at 10. For support, plaintiff cites to recommendations of a Magistrate of that Court. Those recommendations are unpublished, unavailable on legal research computer programs (*i.e.*, LEXIS and Westlaw), and have not been provided by plaintiff. Whether or not the recommendations support plaintiff's suggestion of inescapable bias, the Court cannot accept such bald assertions of prejudice, which go to the integrity of the judicial process, without a substantial offer of proof.

In sum, plaintiff's only justification for pursuing a remedy in this Court is his relationship with counsel. Counsel may continue to represent plaintiff *pro haec vice* in the Southern District of Illinois or may informally advise and work with counsel there. While the Court would not wish to burden a lawyer who has undertaken to represent an imprisoned client for a token fee, that fact alone does not mitigate against the substantial reasons for transfer. As such, even if the Court could view this case as something other than a habeas corpus petition, it would have to transfer the action the Southern District of Illinois.

Accordingly, the Court will issue a separate Order, of even date herewith, transferring petitioner's habeas corpus claim to that district.

### ORDER

In accordance with the Opinion, issued of even date herewith, in the above-captioned case, and for the reasons stated therein, it is this 15th day of January, 1987,

ORDERED that defendant's motion to dismiss plaintiff's claim that his incarceration in the federal prison system is unlaw-

ful shall be, and hereby is, dismissed; and it is further

ORDERED that defendant's motion to transfer the remaining claim in this action, plaintiff's petition for habeas corpus, to the Southern District of Illinois, shall be, and hereby is, granted.