Joseph C. **FRADY**, Appellant,

v.

**U. S. BUREAU OF PRISONS and Norman Carlson, Bureau of Prisons Director, et al.**

**No. 77–1497.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 9, 1978.

**1028**

Earl J. Silbert, U. S. Atty., John A. Terry, Oscar Altshuler and Cheryl M. Long, Asst. U. S. Attys., Washington, D. C., were on the motion for summary affirmance.

Donald Joseph Sheehy, Washington, D. C., was on the opposition to the motion for summary affirmance.

Before TAMM, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court dismissing appellant's petition for a writ of habeas corpus.

In 1963 appellant, along with a co-defendant, was convicted by jury in the District Court for the District of Columbia of murder in the first degree, 22 D. C. Code § 2404, and robbery, 22 D. C. Code § 2901. Appellant was originally sentenced to death by electrocution on the murder count and to five to fifteen years on the count of robbery. On appeal to this court, the judgments of conviction were affirmed, but the penalty of death was set aside in favor of a sentence of life imprisonment on the murder verdict. *Frady v. United States*, 121

U.S.App.D.C. 78, 348 F.2d 84 (*en banc*), *cert. denied*, 382 U.S. 909, 86 S.Ct. 247, 15 L.Ed.2d 160 (1965). Appellant is serving these sentences, which run consecutively, at the United States Penitentiary in Lewisburg, Pennsylvania.

In March 1977, appellant petitioned the district court for a writ of habeas corpus to establish his immediate eligibility for parole consideration.[1] The district court ordered the government to show cause why the writ should not issue. Upon consideration of the response, the district court, on March 30, 1977, dismissed, without opinion, appellant's petition. Since we find that appellant's parole eligibility is, at this time, barred by the District of Columbia first-degree murder statute, we affirm summarily the district court's dismissal of appellant's petition for a writ of habeas corpus.

Section 22–2404 of the District of Columbia Code, the statute under which appellant was convicted, provides in part:

Notwithstanding any other provision of law, a person convicted of first degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole only after the expiration of twenty years from the date he commences to serve his sentence.

22 D. C. Code § 2404. The legislative history of this section reveals that Congress' express purpose in enacting the provision was to preempt general parole eligibility by specifically barring parole until a person convicted under the statute has served at least twenty years of his life sentence. The Committed on the District of Columbia of the House of Representatives reported:

The purpose of this provision is to distinguish between the penalty for first degree and the penalty for second degree murder. Under existing law in the District of Columbia, the penalty for second degree murder is life imprisonment or not

---

1. In the district court, the government argued that habeas corpus is not an available remedy when the claim is of an improper denial of parole consideration and not a claim for release. This argument has not been raised on appeal. Since we reject the merits of appellant's claim, we do not address this question. We note, however, that the Courts of Appeals in other circuits have deemed the improper denial of parole eligibility a sufficient restraint of liberty to justify habeas corpus relief. *United States ex rel. Marrero v. Warden*, 483 F.2d 656, 659–60 (3d Cir. 1973), *rev'd on other grounds,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974); *Martin v. Virginia*, 349 F.2d 781 (4th Cir. 1965).

less than 20 years. This provision of existing law is not changed by this legislation.

When this second degree penalty provision of existing law is read in connection with the Indeterminate Sentence Act (title 24, sec. 203, D. C. Code, 1951 ed., as amended), it will be seen that when a judge imposes sentence for second degree murder, the limits of the sentence are as follows: A sentence of life imprisonment under the terms of the Indeterminate Sentence Act means that the individual so sentenced is eligible for consideration of parole after having served 15 years. In practical effect one given a sentence for second degree murder of life imprisonment is eligible for consideration of release on parole after having served 15 years. If the judge is impressed by the mitigating circumstances surrounding the second degree murder conviction, he is authorized to impose a minimum sentence, the maximum limit of which would be 20 years in accordance with the terms of the Indeterminate Sentence Act. Such defendant would be eligible for consideration of parole after having served 6⅔ years. In practical effect, a sentence of 6⅔ years to 20 years is a legal sentence, minimum in character, for second degree murder.

It is noted that the language of this legislation would distinguish the parole eligibility of one sentenced to life imprisonment as the result of a first degree murder conviction. Such an individual must serve at least 20 years before being eligible for the consideration of parole, notwithstanding any other provision of law.

H.R.Rep.No. 677, 87th Cong., 1st Sess. 2 (1961). Since appellant has served less than fifteen years, he is ineligible for parole under the express terms of this statute.

■ Appellant contends, however, that his eligibility for parole consideration was modified by the enactment of the United States Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201 *et seq.* ["federal act"]. The general parole eligibility section of the federal act now provides that prisoners serving a life sentence are generally eligible for parole after serving ten years. 18 U.S.C. § 4205(a).[2] It is appellant's argument that the general eligibility provision of the federal act should prevail over the specific twenty year bar to parole contained in the District of Columbia statute under which he was convicted. Appellant's argument is unpersuasive.

■ It is a well-recognized canon of statutory construction that the later enactment of a general statute will not take precedence over a controlling specific statute absent an explicit contrary legislative intent. *Bulova Watch Co. v. United States*, 365 U.S. 753, 758, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961); *United States v. Brown*, 157 U.S. App.D.C. 311, 318–19, 483 F.2d 1314, 1321–22 (1973) [MacKinnon, J., dissenting] and cases cited therein. Applying this rule, it is evident that there is no indication either in the federal parole act or its legislative history that Congress intended by its enactment to supersede the provision of the District of Columbia statute. To the contrary, specific bars to parole eligibility contained in sentencing statutes were expressly left intact.

The general parole eligibility provision of the federal parole act, by its own terms, applies "except to the extent otherwise provided by law." 18 U.S.C. § 4205(a). The same section further states:

Nothing in this chapter shall be construed to provide that any prisoner shall be eligible for release on parole if such prisoner is ineligible for such release under any other provision of law.

18 U.S.C. § 4205(h). This provision, when read in conjunction with section 22–2204 of the District of Columbia Code, which renders appellant ineligible for parole consideration until he has served a minimum of twenty years, unquestionably leads to the conclusion that appellant's parole eligibility

2. "Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law." 18 U.S.C. § 4205(a).

is governed solely by the District of Columbia murder statute.[3]

We therefore reject appellant's argument that the United States Parole Commission and Reorganization Act of 1976 supersedes the express prohibition to parole eligibility contained in the District of Columbia murder statute under which appellant was convicted and sentenced.[4] The order of the district court dismissing appellant's petition for a writ of habeas corpus is affirmed.[5]

*Judgment accordingly.*

**3.** This conclusion is confirmed by the legislative history of the new federal parole law. The Joint Explanatory Statement of the Committee of Conference states with reference to the parole eligibility provisions of the new Act: "Existing powers of the sentencing court and certain special provisions relating to eligibility for parole are preserved." H.R.Rep.No. 838, 94th Cong., 1st Sess. 25 (1976) U.S.Code Cong. & Admin.News, 1976, pp. 351, 357.

**4.** In order to accept appellant's argument that he is eligible for parole consideration after serving ten years of his life sentence pursuant to the federal eligibility formula, we would have to find that Congress intended, by enactment of the 1976 amendments to the federal parole law, to supersede not only the D. C. first degree murder statute but also the D. C. Inde-

terminate Sentence Act, 24 D. C. Code § 203. Under this later statute, felons convicted in the District of Columbia who receive sentences of life imprisonment are eligible for parole consideration after having served fifteen years. Although we need only decide that the federal act does not supersede the effect of the specific bar in the D. C. first-degree murder statute, there appears to be no greater support for appellant's implicit assertion with respect to the D. C. Indeterminate Sentence Act.

**5.** Upon consideration of appellees' motion for summary affirmance, and of appellant's opposition thereto, it is ordered by the court that appellees' motion is granted in accordance with the foregoing opinion.