**Wilton CHATMAN–BEY, Petitioner,**

v.

**William French SMITH, et al., Defendants.**

**Civ. A. No. 83–1140.**

United States District Court, District of Columbia.

Dec. 6, 1984.

Wilton Chatman-Bey, pro se.

John C. Martin, Ina Strichartz, Asst. U.S. Atty., Joseph E. diGenova, U.S. Atty., Washington, D.C., for defendants.

ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is the *pro se* petitioner's Motion to Alter or Amend this Court's October 4, 1984 Opinion and Order in this case, 594 F.Supp. 718. The petitioner, a prisoner at the federal penitentiary at Lewisburg, Pennsylvania, claims that the Federal Bureau of Prisons improperly calculated his parole eligibility date. He brings this motion alleging that the Court misconstrued the applicable law when it granted the defendants' Motion to Dismiss. For the reasons herein set forth, the Court denies the current Motion to Alter the Judgment.

The petitioner is presently serving, at Lewisburg, three consecutive sentences. The first is a twenty-five year term imposed by the United States District Court for the District of Maryland on January 3, 1975. The second sentence is a ten to thirty year term imposed by the Superior Court of the District of Columbia on June 18, 1975. The third sentence is a term of five years imposed by the United States District Court for the District of Maryland on June 10, 1977. The petitioner began service of these three consecutive sentences on June 4, 1981.

The records office at Lewisburg calculated the date at which Chatman-Bey would be eligible for parole at October 3, 1999.

This date was determined by aggregating the minimum terms of two of his three consecutive sentences. The minimum term of his first sentence of twenty-five years is one-third of that time, or eight years and four months. *See* 18 U.S.C. § 4205(a). The minimum term of the second sentence, imposed by the Superior Court of the District of Columbia, is ten years. *See* 24 D.C.Code § 204. Since the District of Columbia sentence was consecutive to the first federal sentence, the minimum sentences were aggregated to a total of eighteen years and four months. This calculation resulted in the October 3, 1999 parole eligibility date. It should be noted that the petitioner's five year sentence imposed by the District Court of Maryland had no effect on this parole eligibility date.

In the present motion, the petitioner again argues that, because his sentences were aggregated for the purposes of determining his parole eligibility date, that date should be no later than ten years from the first day of the sentence by virtue of 18 U.S.C. § 4205(a). That statute, part of the federal parole act, established a ten year ceiling on parole eligibility for federal offenders. If that ceiling applied, petitioner would be eligible for parole in 1991 instead of 1999.

It is clear, however, that the petitioner is not entitled to the benefit of that statute. He has chosen to violate both federal criminal statutes and District of Columbia criminal statutes. He received consecutive sentences for these crimes, a fact which cannot be altered by aggregation of the sentences solely for the purpose of determining his parole eligibility date. To hold that petitioner is entitled to an earlier parole eligibility date would frustrate the intentions of the Superior Court of the District of Columbia, which expressly made his D.C. sentence consecutive to the first federal sentence. Thus, the provisions of the D.C.Code govern the D.C. sentence.

The Court of Appeals' decision in *Frady v. United States Bureau of Prisons*, 570 F.2d 1027 (D.C.Cir.1978), also compels this conclusion. The Court there stated that the parole eligibility provisions of the District of Columbia Code, rather than those of the federal parole act, govern a D.C. Code offender: "there is no indication either in the federal parole act or its legislative history that Congress intended by its enactment to supercede the provision of the District of Columbia statute." 570 F.2d at 1029. In essence, the petitioner claims that the federal provision supercedes that of the D.C.Code. However, *Frady* makes it clear that petitioner's District of Columbia sentence is governed by the parole eligibility provisions of the D.C.Code, not those of the U.S.Code. The petitioner, however, was also sentenced under the U.S.Code, and the provisions of 18 U.S.C. § 4205 govern his parole eligibility for that sentence. Thus, because the petitioner received consecutive sentences under both the District of Columbia Code and the United States Code, his parole eligibility date was properly determined by reference to both codes. He plainly is not entitled to the benefit of the ten year parole eligibility ceiling found in 18 U.S.C. § 4205(a).

For the foregoing reasons, it is, by the Court, this 5 day of December, 1984

ORDERED that the petitioner's Motion to Alter or Amend Judgment and for Relief from Judgment be, and the same is hereby denied; and it is

FURTHER ORDERED that this case shall stand dismissed from the dockets of this Court.