**Rux D. MITCHNER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 86–931.**

District of Columbia Court of Appeals.

Argued April 16, 1987.
Decided Sept. 30, 1987.

---

Nina Kraut, Washington, D.C., for appellant.

Sharon M. Collins, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, FERREN, and ROGERS, Associate Judges.

**PER CURIAM:**

Appellant Rux Mitchner contends that because he is incarcerated in a federal institution, he is entitled to be sentenced under the federal statute, 18 U.S.C. § 4205(b)(1) (1985), which gives the United States Parole Commission the authority to release a prisoner before the minimum sentence has been served.[1] He argues that the trial court erred in ruling that it did not have jurisdiction to sentence him under 18 U.S.C. § 4205 and that this ruling denies him due process and equal protection of the laws in violation of the fifth amendment.[2] Well established principles of law defeat these claims.

A defendant's sentence and parole are determined by the jurisdiction whose laws are violated even though the situs of incarceration determines which board of parole has supervisory jurisdiction. *Chatman-Bey v. Smith,* 594 F.Supp. 718, 723–24 (D.D.C.1984), *amendment denied, Chatman-Bey v. Smith,* 597 F.Supp. 509, 510 (D.D.C.1984) ("the parole eligibility provisions of the District of Columbia Code, rather than those of the federal parole act" apply), *rev'd on other grounds, sub nom. Chatman-Bey v. Meese,* 254 U.S.App.D.C. 320, 797 F.2d 987 (1986); *see also Frady v. United States Bureau of Prisons,* 187 U.S.App.D.C. 118, 120–21, 570 F.2d 1027, 1029–30 (1978); *Gilstrap v. Clemmer,* 284 F.2d 804, 808 (4th Cir.1960).

This arrangement, on its face, does not deny a prisoner convicted of District of

1. Mitchner was convicted in the D.C. Superior Court on October 2, 1981 of rape, carnal knowledge, and taking indecent liberties with a minor child, and was sentenced to concurrent prison terms of ten to thirty years on the rape and carnal knowledge counts and three to ten years on the indecent liberties count. This court affirmed the rape and carnal knowledge convictions, but remanded the case to the trial court to vacate the indecent liberties conviction, on merger grounds, and to resentence the defendant. *Mitchner v. United States,* No. 81–1626 (January 4, 1985). After vacating the conviction and hearing a motion to reduce sentence, the trial judge reduced Mitchner's sentence to concurrent terms of eight to twenty-five years imprisonment on the rape and carnal knowledge convictions. Mitchner has been serving his time in federal facilities, at his own request.

2. He further contends this his motion should not have been treated as a motion to reduce sentence and that, if it is, it was timely. On October 15, 1985, Mitchner filed a Motion to Amend Sentence, requesting the trial court "to specifically sentence defendant under 18 U.S.C. § 4205(b)(1)." The trial court denied the motion on the alternative grounds that (1) its jurisdiction to sentence was derived from D.C.Code § 24–203, not the federal statute, and (2) that the motion was untimely if construed, favorably to the defendant, as a motion to reduce sentence pursuant to Super.Ct.Crim.R. 35. In light of appellant's concession that he did not intend to file a Rule 35 motion, we do not address the Rule 35 issues.

Columbia code offenses equal protection and due process of law. Mitchner is not similarly situated to prisoners in federal institutions who have not been convicted of violating the laws of the District of Columbia.[3] Moreover, the record fails to reveal that Mitchner is being treated different from a federal prisoner. His specific request for a declaration by this court that the United States Parole Commission has the authority under 18 U.S.C. § 4205 to petition the D.C. Superior Court for a reduction of his minimum sentence is unnecessary. Under D.C.Code § 24–209 (1981), *see supra note* 3, the United States Parole Commission has the same authority over

Mitchner as would the District of Columbia Board of Parole if Mitchner were incarcerated in a District of Columbia institution. Section 24–201c of the District of Columbia Code (1981) provides that "the [D.C.] Board in its discretion may apply to the court imposing sentence for a reduction of [a prisoner's] minimum sentence."[4]

*Affirmed.*

---

**3.** A violation of the District of Columbia Code is also a violation against the United States, but a violation of the United States Code is not also an offense against the District of Columbia. *Chatman-Bey v. Meese, supra,* 254 U.S.App.D.C. at 326, 797 F.2d at 993; *Gilstrap v. Clemmer, supra,* 284 F.2d at 809. Mitchner's only colorable claim is that he is being treated differently, without a rational basis, from District of Columbia offenders who are not housed in federal facilities. This argument fails, however, because Mitchner is accorded the same statutory sentencing rights as District of Columbia offenders incarcerated in District of Columbia prisons. *See Griffin v. United States,* 336 U.S. 704, 712–14, 717, 69 S.Ct. 814, 817–19, 820, 93 L.Ed. 993 (1949). Section 24–209 of the District of Columbia Code (1981) provides that

The [United States Parole Commission] shall have and exercise the same power and authority over prisoners convicted in the District of Columbia of crimes against the United States or now or hereafter confined in any United States penitentiary or prison (other than the penal institutions of the District of Columbia) as is vested in the District Board of Parole over prisoners confined in the penal institutions of the District of Columbia.

Mitchner does not challenge any failure of this Board to use its authority differently from the District of Columbia Board of Parole.

**4.** At oral argument, counsel for Mitchner stated that no request had been made to the U.S. Parole Commission to petition the D.C. Superior Court for a reduction of his minimum sentence.