Eugene Jerome
**CUNNINGHAM, Petitioner,**

v.

**Hallem H. WILLIAMS, Respondent,**

and

**United States of America, Intervenor.**

**Civ. A. No. 88–3732.**

United States District Court,
District of Columbia.

May 15, 1989.

Thomas Lumbard, Washington, D.C., for petitioner.

Harry Toussaint Alexander, Jr., Asst. Corp. Counsel, D.C. Correctional Litigation Section, Washington, D.C., for respondent.

Assistant U.S. Atty. Thomas E. Zeno, Washington, D.C., for U.S.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

Eugene Jerome Cunningham filed the instant petition for habeas corpus on December 30, 1988, asserting that his mandatory minimum sentence of twenty years, imposed for his conviction for first-degree felony murder in 1973, should be reduced pursuant to the provisions of the District of Columbia Good Time Credits Act of 1986 (the "Act"). Petitioner claims that respondent's failure to grant him good time credits under the Act violates his rights to equal protection and due process and constitutes cruel and unusual punishment. Having considered Mr. Cunningham's petition, the response of Hallem H. Williams Jr., the opposition and supplemental opposition of the United States,[1] petitioner's reply, and the entire record, the petition is granted and respondent is directed to recalculate petitioner's minimum sentence by awarding Mr. Cunningham good time credits, as appropriate, in accordance with the Act.

## I. BACKGROUND

On March 23, 1973, after he was found guilty of first degree felony murder in violation of D.C.Code § 22–2401 before Judge George L. Hart of the United States District Court for the District of Columbia, petitioner was sentenced to a minimum of not less than twenty years imprisonment and a maximum of life imprisonment. The penalty for first degree murder in the District of Columbia is set forth at D.C.Code § 22–2404 which states in relevant part:

---

1. The United States' motion to intervene and file an opposition to the instant petition was granted on March 20, 1989. *See* Order, March 20, 1989.

(a) The punishment of murder in the first degree shall be life imprisonment.

(b) Notwithstanding any other provision of law, a person convicted of first-degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole only after the expiration of 20 years from the date he commences to serve his sentence.

In 1986, the District of Columbia enacted the District of Columbia Good Time Credits Act of 1986. As codified, it states in relevant part:

> Every person who is convicted of a violation of a District of Columbia ("District") criminal law by a court in the District of Columbia, imprisoned in a District correctional facility, and whose conduct is in conformity with all applicable institutional rules is entitled to good time credits in accordance with the provisions of this section.

D.C.Code § 24–428(a).

The Act also provided certain exceptions to the provision for institutional good time credits. The Enrolled Original of the 1986 Act provided:

> Sec. 8.   Exceptions
>
> Institutional and educational good time credits shall not be applied to the minimum terms of persons sentenced under the District of Columbia Mandatory–Minimum Sentences Initiative of 1981, effective March 9, 1982 (D.C. Law 4–166; D.C. Code, secs. 22–3202, 33–501 & 33–541).[2]

As codified, this provision reads:

> Institutional and educational good time credits shall not be applied to the minimum terms of persons sentenced under §§ 22–3202, 33–501 and 33–541.

D.C.Code § 24–434.

The central issue in this case is whether the Good Time Credits Act of 1986 repeals the mandatory twenty-year minimum sentence required by D.C.Code § 22–2404. For the reasons set forth below, the Court concludes that it does. Petitioner is there-fore entitled to institutional good time credits in accordance with the Act's schedule.

## II.   DISCUSSION

Petitioner's basic argument is that because D.C.Code § 22–2404, under which he was sentenced in 1973, is not specifically excepted from the provision for institutional good time credits under the Act, he is entitled to such credits in order to calculate his minimum parole eligibility date. That the Act makes specific exceptions in D.C. Code § 24–434 for persons serving minimum terms imposed by D.C.Code §§ 22–3202, 33–501 and 33–541, petitioner argues, implies that the D.C. Council intended to exclude from the exception provision prisoners serving sentences under all other D.C.Code provisions not named. Claiming that this silence is deliberate, petitioner maintains that his sentence under § 22–2404 has not been excluded from the Act's provision for institutional good time credits and that his minimum eligibility date for parole should be reduced according to the Act's schedule. Because both the language and the purpose of the Act support petitioner's argument, the Court agrees.

The most fundamental principle in interpretation of a statute is that the starting point must be the language of the statute itself. *Lewis v. United States*, 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980). That language must be given conclusive weight unless the legislature expresses an intention to the contrary. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). The ordinary and natural reading of the D.C. Good Time Credits Act is that petitioner is entitled to institutional good time credits. D.C.Code § 24–428(a) states that *"[e]very person who is convicted of a violation of a District of Columbia ("District") criminal law by a court in the District of Columbia, imprisoned in a District correctional facility ... is entitled to good time credits."* (em-

---

**2.** Memorandum of Points and Authorities in Support of Petition for Writ of Habeas Corpus, Exhibit 1, p. 6.

phasis added). It is undisputed that petitioner falls within this statutory language. Respondent and intervenor nevertheless argue that the Council which passed the Act did not intend that it apply to persons sentenced under § 22–2404. They might have a stronger argument that the Act does not apply to petitioner if § 24–428(a) were the only relevant provision in the Act. However, the District of Columbia Council which passed the Act chose to enumerate specific exceptions to the above provision. The Council clearly had knowledge of former statutes, for § 24–434 excludes three of them, § 22–3202, § 33–501, and § 33–541, from the broad reach of the Act's provision for awarding good time credits. Conspicuously absent from this list is D.C. Code § 22–2404(b), under which petitioner was sentenced. That the District of Columbia Council chose to except certain sections from the broad reach of the Act and omit others evinces a clear intent that the Act's provision for good time credits applies to *every* prisoner convicted and sentenced under a D.C. statute other than those specifically listed in D.C.Code § 24–434.

Intervenor vehemently argues that the language "Notwithstanding any other provision of law" in D.C.Code § 22–2404(b) manifests a legislative intent that the mandatory twenty-year minimum be absolute and admit of no exceptions. Intervenor's argument, to use the precise language of its brief, is that "[t]his introductory language to the penalty for first-degree murder precludes any attempt at repeal of the penalty by implication." United States' Opposition to Issuance of Writ of Habeas Corpus ("U.S.Opp."), p. 5. Intervenor attempts to distinguish D.C.Code § 22–2404(b) from the code sections excepted from the Act (set forth in D.C.Code § 24–434) based on the fact that these latter code sections "[do] not contain specific

language against repeal by implication." *Id.* at 5, n. 5. Although the Court recognizes the often cited rule that repeals by implication are not favored and that the intention of the legislature to repeal must be clear and manifest, *see Andrus v. Glover Construction Company*, 446 U.S. 608, 618, 100 S.Ct. 1905, 1911, 64 L.Ed.2d 548 (1980); *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 189–190, 98 S.Ct. 2279, 2299, 57 L.Ed.2d 117 (1978) (quoting *Posadas v. National City Bank*, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936)); *United States v. United Continental Tuna Corp.*, 425 U.S. 164, 168, 96 S.Ct. 1319, 1322, 47 L.Ed.2d 653 (1976), here the Council has spoken in unambiguous terms. The District of Columbia Good Time Credits Act gives an affirmative benefit to all prisoners in District of Columbia Correctional Facilities and provides only narrow and specific exceptions to the award of this benefit. Because § 22–2404 is not specifically excluded from the Act, as one would expect if the D.C. Council intended it to be so excluded, the Court can only conclude that the Council intended that persons sentenced under it be entitled to good time credits.[3]

Furthermore, the natural meaning of the phrase "notwithstanding any other provision of law" is law *existing* at the time § 22–2404(b) was passed. The Good Time Credits Act was passed subsequent to § 22–2404(b). Accepting the position urged by intervenor would mean that the Council could *never* modify former law. The Court refuses to endorse such a patently untenable position. Furthermore, as stated above, the D.C. Council spoke in no uncertain terms when it enacted the Good Time Credits Act. Had it desired to exclude § 22–2404(b) from the Act's reach, it clearly knew how to do so and it could have done so, but it did not do so. The Act's language is clear.[4]

---

**3.** The Court rejects the argument advanced by intervenor that "the fact that Congress maintains a special authority to disapprove legislation passed by the Council of the District of Columbia, militates against finding that the Council may repeal by implication a long standing statute originally enacted by Congress."

U.S.Opp. at 4 (footnote omitted). The fact that Congress had this mechanism and chose not to utilize it with respect to D.C. Good Time Credits Act manifests its tacit approval of the Act.

**4.** Respondent and intervenor argue that *Frady v. United States Bureau of Prisons*, 570 F.2d 1027 (D.C.Cir.1978) and *Bryant v. Civiletti*, 663 F.2d

An examination of the sections excluded from the Act in § 24–434 also supports this conclusion. As the Enrolled Original of the 1986 Act indicates, the Council intended to except from the Act's provisions persons sentenced under the District of Columbia Mandatory–Minimum Sentences Initiative of 1981. D.C.Code § 22–3202 imposes mandatory minimum sentences for persons who commit a crime of violence while armed. D.C.Code § 33–541 imposes mandatory minimum sentences for persons who manufacture, distribute, or possess, with intent to manufacture or distribute, a controlled substance.[5] That the Council specifically excluded persons sentenced under these provisions from the benefits of the Act would therefore appear redundant, unless it indicates a deference to the electorate (which passed the Mandatory–Minimum Sentences Initiative of 1981) or a specific intent of the Council only to exclude these mandatory minimum sentences from the benefits of the Act. Either interpretation supports the position which petitioner urges, i.e., that because § 22–2404 was not specifically excluded from the Act, persons

sentenced under it are entitled to the Act's benefits.

The purpose of the Act also supports the conclusion the Court reaches today. To paraphrase respondent Williams who testified before the Committee on the Judiciary of the D.C. Council, the Act was meant to provide added positive motivation for inmates to obey institutional regulations, diligently perform work assignments and involve themselves productively in academic and vocational pursuits; it also meant to represent a prudent, innovative approach to population management.[6] This statutory purpose is clearly applicable to persons, like the instant petitioner, sentenced under § 22–2404. We agree that standing alone, this purpose would not be a sufficient basis upon which to conclude that the petitioner is entitled to the benefits of the Act. But when combined with the clear legislative intent as expressed in the explicit language of the Act, it leads inexorably to the conclusion that petitioner is entitled to good time credits under the Act.[7]

The Court understands the concerns expressed by intervenor that petitioner has

---

286 (D.C.Cir.1981) require a different result. These cases are inapposite. In *Frady,* a prisoner sentenced to a mandatory twenty year minimum under D.C.Code § 22–2404 claimed that the United States Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201, *et seq.,* modified his parole eligibility date because that act provided that prisoners serving a life sentence are generally eligible for parole after serving ten years. The Court rejected this claim because the latter act, by its own terms, applied "except to the extent otherwise provided by law." *Frady,* 570 F.2d at 1029–30. No such provision exists in the District of Columbia Good Times Credit Act. In *Bryant,* a prisoner given a mandatory twenty year minimum sentence and maximum life imprisonment sentence under D.C.Code § 22–2404 for first degree murder claimed that D.C.Code § 24–203, which provided that a prisoner given a maximum sentence of life imprisonment shall be given a minimum sentence not to exceed fifteen years, should apply to him. The Court held that § 22–2404, a special statute for first degree murder, prevailed over § 24–203, a more general sentencing statute, based in part on the language in § 22–2404 "notwithstanding any other provision of law ..." *Bryant,* 663 F.2d at 292. In the instant case, however, the D.C. Council which passed the Good Time Credits Act made its intent clear as to the full reach of the Act. Its failure to include D.C.Code § 22–2404 in the

express list of exceptions to the Good Time Credits Act demonstrates that the Act applies to prisoners like Cunningham, who are sentenced under statutes other than those denominated at D.C.Code § 24–434.

5. The third and final excepted section is D.C. Code § 33–501, which defines certain statutory terms but contains no mandatory minimum sentencing provisions.

6. *See* Opp. at 11–12 & n. 3 (quoting Statement of Hallem H. Williams, then Deputy Director, D.C. Department of Corrections, before the Committee on the Judiciary of the D.C. Council on Bill 6–505, "D.C. Good Time Credit Act of 1986," November 5, 1986).

7. The result the Court reaches today would be no different even were the Court to find—which it does not—that the D.C. Council's failure to include D.C.Code § 22–2404 in the list of exceptions to the Act's provision for good time credits creates an ambiguity as to the legislature's intent. Any ambiguity that might exist would have to be resolved in favor of lenity. *See Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955) ("When the Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity").

**648**

been convicted of a heinous crime. Yet this concern cannot override the clearly expressed intent of the legislature to provide good time credits to prisoners such as Mr. Cunningham who have been sentenced under D.C.Code § 22–2404. Had the Council intended to exclude prisoners sentenced under this section from the Act, it could have done so. Indeed, the D.C. Council may so act in the future. But until such time as it does, the Court is required to enforce the express intent of the legislature as set forth in the plain language of the Act.[8]

### III. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that the petition for a writ of habeas corpus shall be granted and respondent Hallem H. Williams, Jr. shall compute Eugene J. Cunningham's good time credits against the minimum term to which he has been sentenced in order to determine the date of eligibility for release on parole in accordance with the provisions of the District of Columbia Good Time Credits Act.[9]

IT IS SO ORDERED.

---

8. Intervenor's concerns seem equally applicable to persons convicted of other "heinous" crimes. Under the Act, a prisoner sentenced to a period of incarceration of ten years or more whose conduct is in conformity with all applicable institutional rules is entitled to ten days of institutional good time credit for each month. *See* D.C.Code § 24–428(a)(5). Had the D.C. Council intended that persons sentenced under D.C.Code § 22–2404 serve a minimum of twenty years in prison, not only could they have excluded § 22–2404 from the Act's reach, they also could have (and indeed they may so choose in the future) increased the minimum penalty under that section from twenty years to thirty years, thereby ensuring that even persons receiving good time credits would serve a minimum of twenty years.

9. The Court takes occasion to express appreciation to court-appointed counsel, Thomas Lumbard, Esq., for his willing acceptance of this *pro bono* assignment and his commendable representation of petitioner.