Wendell POOLE, Sr., et al., Appellants,

v.

Sharon Pratt KELLY, Mayor, et al.

Eugene Jerome CUNNINGHAM

v.

Walter B. RIDLEY, Acting Director,
United States of America,
Appellant.

Eugene Jerome CUNNINGHAM

v.

Walter B. RIDLEY, Acting Director,
Appellant, United States of
America.

Nos. 88–7028, 89–5171 and 89–5203.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 26, 1990.

Decided Jan. 31, 1992.

Thomas J. Mikula (appointed by the Court), with whom Stephen J. Pollak, Washington, D.C., was on the brief, for appellants in No. 88–7028.

Mary L. Wilson, Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on

the brief for appellees in No. 88–7028 and for Walter B. Ridley, Acting Director, D.C. Dept. of Corrections, in Nos. 89–5171 and 89–5203.

Patrice I. Kopistansky, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher and Stevan E. Bunnell, Asst. U.S. Attys., Washington, D.C., were on the brief for intervenor-appellant, the U.S. in Nos. 89–5171 and 89–5203. Joan C. Barton, Asst. U.S. Atty., Washington, D.C., also entered an appearance for intervenor-appellant.

Thomas Lumbard, Washington, D.C. (appointed by the Court) for appellee in Nos. 89–5171 and 89–5203.

Before WALD, SENTELLE, and THOMAS,* Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

■ These cases involve the issue of whether persons convicted of first-degree murder in the District of Columbia and sentenced pursuant to D.C.Code § 22–2404(b) are eligible for credits under the D.C.'s Good Time Credit Act of 1986 ("GTCA" or "the Act"). In answering questions involving the proper interpretation of D.C. statutes, this court relies on the construction of these laws by the D.C. Court of Appeals. *See, e.g., Steorts v. American Airlines, Inc.*, 647 F.2d 194, 196 (D.C.Cir.1981); *Lee v. Flintkote Co.*, 593 F.2d 1275 n. 14 (D.C.Cir.1979). That court has recently ruled that persons sentenced under § 22–2404(b) are not eligible for credits under the GTCA. *Winters v. Ridley*, 596 A.2d 569, *reh'g denied per curiam*, No. 90–18 (D.C.App. Dec. 18, 1991). On that basis we affirm the district court's decision in *Poole, et al. v. Barry*, Civil Action No. 87–2169 (D.D.C. Dec. 14, 1987), which is consistent with *Winters*, and reverse the contrary decision of another dis-

trict court in *Cunningham v. Williams*, 711 F.Supp. 644 (D.D.C.1989).

In 1973, Eugene J. Cunningham was convicted in federal district court of two counts of first-degree murder in violation of the D.C.Code and sentenced to two consecutive life sentences pursuant to D.C.Code § 22–2404. That statute provides that persons convicted of first-degree murder must serve at least twenty years in prison before becoming eligible for parole. In relevant part, the provision states:

(a) The punishment of murder in the first degree shall be life imprisonment.

(b) *Notwithstanding any other provision of law,* a person convicted of first-degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole only after the expiration of 20 years from the date he commences to serve his sentence.

D.C.Code § 22–2402 (1989 Repl.) (emphasis supplied). Named appellant Wendell Poole and his co-appellants are serving life sentences for first-degree murder under the same D.C.Code provision.

■ In order to reduce critical overcrowding in D.C.'s Department of Corrections ("DOC") facilities, the D.C. City Council enacted the GTCA, which became effective on April 11, 1987. The Act provides in relevant part that

[e]very person who is convicted of a violation of a District of Columbia criminal law ..., imprisoned in a District correctional facility, and whose conduct is in conformity with all applicable institutional rules is entitled to institutional good time credits in accordance with the provisions of this section.

D.C.Code § 22–428(a) (1989 Repl.) (emphasis supplied). Although the Act listed certain specific exceptions for convicted persons to whom the GTCA does not apply, at the time of passage those exceptions did not include persons convicted of first-degree murder.[1] Depending on the length of

---

* Former Circuit Judge Thomas, now an Associate Justice of the Supreme Court of the United States, was a member of the panel when these cases were argued but did not participate in this opinion.

1. Subsequent to the district court's decision in *Cunningham*, the D.C. City Council passed legislation specifically excluding persons sentenced under the first-degree murder statute from the GTCA. *See* D.C. Act 8–41 (1989).

sentence, the GTCA reduces the time an inmate must serve before being eligible for parole. The Act provides that persons serving sentences of ten years or more can earn ten days good time credit for each month of their sentences. D.C.Code § 24–428(a)(5).

Persons imprisoned under the D.C.Code are placed in the custody of the DOC, which administers the sentences imposed by the court. In May 1987, one month after the effective date of the GTCA, the Director of the DOC issued a departmental order specifying that the Act does not apply to persons convicted of first-degree murder and sentenced under § 2404(b). Cunningham,[2] Poole, and the other appellants ("inmates") challenge the legality of that order, and seek adjustment of their parole eligibility dates under the good time credit provisions of the GTCA. In *Chatman–Bey v. Thornburgh*, 864 F.2d 804 (D.C.Cir.1988) (en banc), this court ruled that claims challenging parole eligibility determinations must be brought by means of habeas corpus.[3] Subject matter jurisdiction is proper in the federal court, rather than in the D.C. courts, only for those inmates whose prosecution began in the district court prior to the effective date of the District of Columbia Court Reform and Criminal Procedure Act of 1970. *See McCall v. Swain*, 510 F.2d 167 (D.C.Cir. 1975).[4]

The inmates argue that because the GTCA applies to "every person convicted" under D.C. law, with only limited exceptions specified, none of which is applicable to them, they are entitled under the statute to reduction of their sentences for "good time" credit. The DOC order which denies them credit, they argue, violates the statutory mandate. The Director, on the other hand, points to the language of § 2404(b), the first-degree murder provision, which states that "notwithstanding any other provision of law," a person convicted under that section must serve at least twenty years without parole. The GTCA, he argues, did not explicitly or implicitly repeal that mandate, and accordingly, persons convicted of first-degree murder are not entitled to receive good time credits under the Act.

The two statutes appear to be superficially in conflict, and both sides present cogent arguments based on the statutory language, canons of construction, and the legislative history, to support their view of the proper resolution of the conflict. Were we to decide these cases *ab initio*, we might face a difficult interpretive conundrum. Because, however, the D.C. Court of Appeals has now spoken on the precise issue, definitively resolving it against the inmates, we must follow their lead. *See Winters v. Ridley*, 596 A.2d 569, *reh'g denied per curiam*, No. 90–18 (D.C.App. Dec. 18, 1991).

As noted, the federal district court, which sentenced the inmates under the D.C.Code, hears their habeas petitions under the D.C.Code. The basis of their

---

**2.** Prior to the *Winters* decision, the district court granted Cunningham's habeas petition. *See Cunningham v. Williams*, 711 F.Supp. at 644. We reject Cunningham's argument that the Director's appeal from the decision below is moot because Cunningham has since been transferred out of the DOC facility to a federal facility. The relevant inquiry is not whether the Director has "custody" over Cunningham, but whether he has control over his parole eligibility date. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 493, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989). Put more generally, an appeal is not moot if the party retains the ability to comply with the writ. Because the Director informs the federal facility of a transferred offender's good time credits, he retains control over Cunningham's parole eligibility date, and could comply with the writ if required.

**3.** The court in *Chatman–Bey* also held that habeas petitions may be brought only against the inmates' "custodian," or the warden, of the federal penitentiary. 864 F.2d at 810–11. In these cases the inmates filed their petition while serving their sentences at Lorton Reformatory, the custodian of which is the Director of the DOC, Walter Ridley, successor to Hallem Williams, who is properly named as defendant in both cases.

**4.** Cunningham was tried and convicted in federal district court. Only four of the appellants in *Poole v. Barry*–Sidney Davis, LaVance Greene-Bey, Glenn Rhodes, and Dorian Simpson-were convicted in federal court and are thus able to invoke the jurisdiction of the district court under *McCall.*

petitions is a violation of the D.C.Code, which the federal court must interpret. Thus, under prevailing principles of federal-local law, the district court basically sits as a local court. Although the District is not a state and the Rules of Decision Act does not *require* that we follow *Erie,* this court has long "held that the principles of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), are to be followed analogously by federal courts adjudicating diversity actions in the District of Columbia." *Steorts v. American Airlines,* 647 F.2d at 196 (footnotes omitted); *see also Lee v. Flintkote Co.,* 593 F.2d at 1278 n. 14 (noting that in diversity cases D.C.'s courts provide the applicable substantive rules of decision).[5]

■ In *Winters,* the D.C. Court of Appeals rejected the inmates' main argument that the natural meaning of the phrase "notwithstanding any other provision of law" encompasses only law *existing* at the time § 22–2404(b) was passed. Rather, the local court determined that the "notwithstanding" clause of § 22–2404(b) applied to subsequent, as well as existing, laws. Finding no clear legislative intention that the GTCA supersede the first-degree murder statute, and noting (1) that repeals by implication are not favored, and (2) that specific statutes generally control over more general ones without regard to the priority of their enactment, that court held that the GTCA did not apply to the minimum twenty-year sentence imposed on persons convicted of first-degree murder under the D.C.Code. For inmates to prevail on this appeal, we would have to take a contradictory position from that of the D.C. Court of Appeals. That we cannot do.

For the foregoing reasons, the decision in *Poole, et al. v. Barry* is affirmed, and the decision in *Cunningham v. Ridley* is reversed.

*It is so ordered.*

5. Even prior to *Erie,* as Justice Story recognized in *Swift v. Tyson,* 41 U.S. (16 Pet.) 1, 18, 10 L.Ed. 865 (1842), federal courts were guided by state court interpretations of state statutory and constitutional provisions. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 5.3.5, at 262 (1989).