## NATIONAL ASSOCIATION OF HOME BUILDERS, Appellant

v.

## UNITED STATES ARMY CORPS OF ENGINEERS, Appellee.

### Sierra Club and Natural Resources Defense Council, Intervenors.

No. 06–5392.

United States Court of Appeals, District of Columbia Circuit.

Feb. 5, 2008.

Virginia Swisshelm Albrecht, Karma Barsam Brown, Hunton & Williams LLP, Rafe Petersen, Holland & Knight, Washington, DC, for Appellant.

Lawrence R. Liebesman, Holland & Knight, Washington, DC, R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, John Alan Bryson, Katherine W. Hazard, U.S. Department of Justice, Washington, DC, for Appellee.

Howard Irving Fox, Stephen E. Roady, Jennifer Cristie Chavez, Earthjustice Legal Defense Fund, Washington, DC, for Intervenors.

BEFORE: SENTELLE and HENDERSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. It is

ORDERED that the appeal is hereby dismissed as moot.

The United States Army Corps of Engineers (Corps) issued five-year nationwide pollutant discharge permits in 2002 (2002 NWPs) pursuant to section 404(e) of the Clean Water Act (CWA), 33 U.S.C. § 1344(e). The National Association of Home Builders (NAHB) challenged the 2002 permits in district court, arguing that the Corps failed to consider whether the selected acreage limitations would cause only "minimal adverse environmental effects" as required by 33 U.S.C. § 1344(e)(1). On November 24, 2003, the district court granted summary judgment to the Corps, concluding that issuance of the 2002 permits did not constitute "final agency action." *Nat'l Ass'n of Home Builders v. U.S. Army Corp. of Eng'rs*, 297 F.Supp.2d 74, 78 (D.D.C.2003). This Court reversed in part, holding that the Corps' issuance of NWPs constitutes final agency action subject to judicial review. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272, 1278–84 (D.C.Cir.2005). On remand, the district court again granted summary judgment to the Corps, concluding that the inclusion of various acreage limitations in the 2002 NWPs was neither arbitrary nor capricious. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 453 F.Supp.2d 116 (D.D.C.2006). Although

NAHB timely appealed on November 22, 2006, the 2002 NWPs expired on March 18, 2007. The Corps subsequently issued 2007 NWPs, which by statute expire no later than March 18, 2012. *See* 72 Fed.Reg. 11,092 (Mar. 12, 2007).

While acknowledging that the 2002 NWPs have expired, NAHB argues that its claim is not moot pursuant to the " 'capable of repetition, yet evading review' " exception to the mootness doctrine. *Fund for Animals, Inc. v. Hogan,* 428 F.3d 1059, 1064 (D.C.Cir.2005) (quoting *S. Pac. Terminal. Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911)). "The exception applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.' " *FEC v. Wis. Right to Life, Inc.,* —— U.S. ——, 127 S.Ct. 2652, 2662, 168 L.Ed.2d 329 (2007) (quoting *Spencer v. Kemna,* 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). "The burden is on the petitioner to show that these requirements are met." *S. Co. Servs., Inc. v. FERC,* 416 F.3d 39, 43 (D.C.Cir.2005).

Notwithstanding this Court's "general rule" that "two years is enough time for a dispute to be litigated," *Fund For Animals,* 428 F.3d at 1064, NAHB contends that the NWPs—which, as noted, have a maximum lifespan of five years, *see* 33 U.S.C. § 1344(e)(2)—have "proven to be too short in duration to be fully litigated before they expire." Reply Br. at 4. NAHB first points out that the 2002 NWPs' expiration before this Court could render judgment is evidence that the 2007 NWPs are likely to evade review. Now that we have resolved threshold jurisdictional issues regarding challenges to NWPs, *see Nat'l Ass'n of Home Builders,* 417 F.3d at 1278–84, however, NAHB's challenge to the 2007 NWPs will most likely proceed expeditiously. NAHB also cites four NAHB challenges that were pending in this Circuit between four and one-half and ten years before final disposition. *See* Reply Br. at 8. But NAHB's examples do not suggest that the 2007 NWPs are likely to "evade review." Two of the cited cases did not involve CWA permits, *see Nat'l Ass'n of Home Builders v. Norton,* 415 F.3d 8 (D.C.Cir.2005) (challenge to Department of Interior survey protocols relating to quino checkerspot butterfly); *Spirit of the Sage Council v. Kempthorne,* 511 F.Supp.2d 31 (D.D.C. 2007) (challenge to two Fish and Wildlife Service rules under Endangered Species Act); one case involved a rule rather than an NWP itself, *see Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs,* C.A. No. 01–0274, 2007 WL 259944 (D.D.C. Jan. 30, 2007) (challenge to rule regarding use of "mechanized earth-moving equipment" resulting in discharge of "dredged or fill material" subject to permit requirements); and the final case was resolved in less than five years, *see Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs,* 145 F.3d 1399 (D.C.Cir.1998) (challenge to incidental fallback accompanying dredging as subject to CWA permit provisions). In fact, challenges to NWPs have been litigated on the merits before the NWPs expire. *See, e.g., Ohio Valley Envtl. Coal. v. Bulen,* 429 F.3d 493 (4th Cir.2005) (appeal of facial challenge to NWP decided within 3.5 years); *Shelton v. Marsh,* 902 F.2d 1201 (6th Cir.1990) (appeal of challenge to NWP decided in less than two years). Accordingly, NAHB has failed to demonstrate that the 2007 NWPs are likely to evade review.

Nor has NAHB shown that its challenge to the 2002 NWPs is capable of repetition. NAHB asserts that the "2007 NWPs suffer from the same defects as the 2002 NWPs," Reply Br. at 10, because, in each instance, the Corps failed to consider whether the selected acreage limitations

would cause only "minimal adverse environmental effects." This assertion, however, does not raise a facial challenge to any Corps rule. Instead, NAHB's disagreement is with the Corps' application of the statutory requirement under 33 U.S.C. § 1344(e)(1). But the application of the statutory environmental effects test necessarily varies from one permit period to the next, depending upon the circumstances the Corps considers. NAHB's challenge will require review of a different record from the one on which the 2002 NWPs were issued—a record containing new explanations, analyses and assessments, *compare* 67 Fed.Reg.2020 (Jan. 15, 2002) (issuance of 2002 NWPs) *with* 72 Fed.Reg. 11,092 (Mar. 12, 2007) (issuance of 2007 NWPs); *see Montgomery Envtl. Coal. v. Costle,* 646 F.2d 568, 584 (D.C.Cir.1980) ("question of sufficiency of the evidence" moot because challenged permit expired and new permit will involve "entirely new factual record"). For example, the one-tenth—acre preconstruction notification threshold required for the 2002 NWPs was altered for the 2007 NWPs—issuance of the 2007 NWPs instead requires preconstruction notification for all activities regardless of acreage. *See* 72 Fed.Reg. at 11,095.

For the foregoing reasons, we dismiss NAHB's petition as moot. Our dismissal does not, however, preclude NAHB from seeking review of the 2007 (or subsequent) NWPs.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.