# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WALLACE MITCHELL, )
)
        Petitioner, )
)
        v. )  Civil Action No. 17-764 (RMC)
)
LENNARD JOHNSON, )
)
        Respondent. )

## MEMORANDUM OPINION

Wallace Mitchell is a prisoner who seeks a writ of habeas corpus. Because he challenges a long expired "punitive" detention, Mr. Mitchell was ordered to explain why the petition is not moot. *See* June 25, 2018 Order to Show Cause (OTSC) [Dkt. 20]. Having carefully considered the responses of Mr. Mitchell and the government, and for the reasons explained below, the Court will dismiss the petition as moot

Mr. Mitchell was convicted of murder in the District of Columbia and is serving a life sentence at the federal Bureau of Prisons. In 2016, while detained in the District by virtue of a writ issued by the D.C. Superior Court, Mr. Mitchell was put in segregative detention at the D.C. Jail for sixteen (16) days due to some misconduct. His immediate petition seeks relief from that detention.

Article III of the U.S. Constitution limits federal courts to deciding "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). A court must refrain from deciding a case if events have transpired such that the decision will neither "presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (citation and internal quotation marks omitted). Because the "constitutional case-or-controversy requirement subsists through all

1

stages of federal judicial proceedings," the parties "must continue to have a personal stake in the outcome of the lawsuit." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (citations and internal quotation marks omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

A case is moot when (1) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation and (2) there is no reasonable expectation that the alleged wrong(s) will be repeated. *Doe v. Harris*, 696 F.2d 109, 111 (D.C. Cir. 1982) (citing *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). When both conditions are satisfied, the case is moot because neither party has a legally cognizable interest in the final determination of the underlying facts and law. *See id*. A prisoner "seeking injunctive or declaratory relief" must show "continuing adverse consequences" from the challenged action.[1] *Anyanwutaku*, 151 F.3d at

---

[1] Mr. Mitchell argues that he has lost good-time credit but, as noted in the OTSC, Mr. Mitchell has no constitutional right to good-time credit because he is a District of Columbia prisoner sentenced to a life sentence for first-degree murder. *See Mitchell v. U.S.*, 629 A.2d 10, 11 n.2 (D.C. 1993); *see also Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) ("[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison."); *Poole v. Kelly*, 954 F.2d 760 (D.C. Cir. 1992) (per curiam) (rejecting claim of entitlement to statutory good-time credit advanced by D.C. Code offenders sentenced for first-degree murder). But even if Mr. Mitchell were deprived of good-time credits, as he claims, he has no recourse against the District because the loss of good-time credits affects the calculation of Mr. Mitchell's sentence, over which neither Respondent Johnson nor his employer D.C. Department of Corrections has any authority. In 2016, Mr. Mitchell was detained in the District by virtue of a writ issued by the Superior Court to compel his appearance at a hearing. Nonetheless, matters pertaining to the duration of his sentence remain the exclusive province of the United States. *See* D.C. Code § 24-101 (transferring authority over D.C. Code felony offenders to the U.S. Bureau of Prisons); *cf. United States v. Bailey*, 585 F.2d 1087, 1103-04 (D.C. Cir. 1978), *rev'd on other grounds*, 444 U.S. 394 (1980) (noting in context of escape charge that a "prisoner who has been committed to the custody of the Attorney General by virtue of a conviction is still in the custody of the Attorney General by virtue of that conviction . . . when he is transferred pursuant to a writ of habeas corpus ad testificandum").

1057. Although the Supreme Court "has established a presumption of collateral consequences from a wrongful criminal conviction," it "has not extended this presumption to prison disciplinary sanctions." *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (citing *Spencer*) (other citation omitted)). Therefore, Mr. Mitchell must demonstrate actual "collateral consequences adequate to meet Article III's injury-in-fact requirement." *Spencer*, 523 U.S. at 14.

Mr. Mitchell filed this action ten months after the denial of his second administrative appeal, which was well beyond the sixteen days he allegedly spent in punitive segregation.[2] *See* Pet. [Dkt. 1] ¶ 8. On its face, then, the petition was moot when it was filed. *See Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003) (agreeing that "[w]here . . . a prisoner has completed an imposed term of administrative segregation before he files his petition, . . . the 'petition[ is] moot when filed and cannot be revived by collateral consequences'") (quoting *McCollum v. Miller*, 695 F.2d 1044, 1048 (7th Cir. 1982)). Mr. Mitchell argues, however, that "this case presents a classic issue that is capable of repetition yet evading review." Resp. to OTSC at 3. He mistakes the scope of that principle.

"The capable-of-repetition doctrine applies only in exceptional situations, . . . where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."

---

[2] Mr. Mitchell states that he "is currently in punitive segregation," Resp. to OTSC [Dkt. 24] at 1, but he cannot plausibly ascribe his current detention to the 2016 disciplinary decision giving rise to this action. Mr. Mitchell also argues that the Supreme Court "has said a habeas petition cannot be made moot, even if the petition is transferred out of the jurisdiction, especially when declaratory and injunctive relief is sought, as is here." *Id*. at 2. That argument is inapposite because the suggestion of mootness is not in any way based on Mr. Mitchell's transfer from the District of Columbia.

*Spencer*, 523 U.S. at 17 (citations and internal quotation marks omitted). "By evading review, the Supreme Court has meant evading Supreme Court review." *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009) (citation and internal quotation marks omitted). The "capable of repetition prong involves a determination of whether there is a 'reasonable expectation' that the 'same party' will again be subjected to the challenged legal wrong, which is an inquiry that requires the court to assess the degree of probability of recurrence." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 106 (D.D.C. 2016) (citation omitted). The inquiry "is not 'whether the precise historical facts that spawned the plaintiff's claims are likely to recur,' but rather 'whether the legal wrong complained of by the plaintiff is reasonably likely to recur.'" *Id.* (quoting *Del Monte*, 570 F.3d at 324). A "speculative possibility [of recurrence] is not a basis for retaining jurisdiction over a moot case." *Id.* at 107 (quoting *In re Operation of the Mo. River Sys. Litig.*, 421 F.3d 618, 631-32 (8th Cir. 2005)). Mr. Mitchell has the burden of satisfying the requirements to bring this case within the mootness exception. *Southern Co. Servs. v. FERC*, 416 F.3d 39, 43 (D.C. Cir. 2005).

The short duration of the challenged detention satisfies the first requirement. *But see Spencer*, 523 U.S. at 18 (noting that petitioner "has not shown . . . that the time between [the expired] parole revocation [term of imprisonment] and [the] expiration of [his] sentence is always so short as to evade review"). Mr. Mitchell has not met the second requirement of likely recurrence. The Court "must first determine exactly what must be repeatable in order to save [the] case from mootness." *Id.* Mr. Mitchell identifies as "clearly repetitive" his "punitive segregation placement . . . forfeiture of good time credits . . . and the impounding of property, as a consequence of disciplinary action," all "without due process." Resp. to OTSC at 3. Oddly enough, the prospect that Mr. Mitchell will be denied due process in future disciplinary

4

proceedings presupposes that he will misbehave again.  *See Jeong Seon Han*, 223 F. Supp. 3d at 107 (distinguishing "the purportedly criminal character of Han's conduct . . . from any prior pronouncement by the D.C. Circuit suggesting that a plaintiff may satisfy the capable of repetition exception by alleging an intention to act similarly in the future" and expressing court's unwillingness "'to assume that Han will repeat the type of misconduct that would again place him . . . at risk' of another detention") (quoting *McBryde v. Comm. to Review Circuit Council Conduct*, 264 F.3d 52, 56 (D.C. Cir. 2001) (other citations omitted)); *see also Spencer*, 523 U.S. at 15 (rejecting injury-in-fact claim "contingent upon respondents' violating the law, getting caught and being convicted," insofar as "[r]espondents themselves are able—and indeed required by law—to prevent such a possibility from occurring") (citation and internal quotation marks omitted)).  Prison disciplinary actions are by necessity "highly fact-dependent."  *Del Monte*, 570 F.3d at 323 (discussing *People for the Ethical Treatment of Animals, Inc. v. Gittens*, 396 F.3d 416 (D.C. Cir. 2005)); *see also Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) (holding "that there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action") (citation and internal quotation marks omitted)).  Therefore, it is reasonably safe to conclude that any legal "wrong" Mr. Mitchell may have "suffered" as a result of the challenged proceeding is "unlikely to recur."  *Del Monte*, 570 F.3d at 323; *see accord Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 264 F. App'x 10, 13 (D.C. Cir. 2008) (dismissing as moot where subsequent proceeding would "require review of a different [factual] record . . . containing new explanations, analyses and assessments").

For the foregoing reasons, Mr. Mitchell's habeas petition will be dismissed as moot. A memorializing Order accompanies this Memorandum Opinion.


Date:   September 27, 2018

_____
ROSEMARY M. COLLYER
United States District Judge